## Cividanes *v.* Amorós Hermanos.

Apelación procedente de la Corte de Distrito de

San Juan.

No. 75.   Resuelto en Junio 14, 1905.

Apelación.—Relación de hechos.—Cuestiones de hecho.—Si la prueba practicada en el juicio no formare parte de la transcripción de autos, las cuestiones de hecho que hayan de justificarse por el resultado de la misma, no podrán ser discutidas en la apelación.

Servidumbre de paso.—El propietario que se crea con derecho á una servidumbre de paso, por estar su finca enclavada entre otras fincas ajenas, debe establecer su reclamación de acuerdo con las disposiciones del art. 564 del Código Civil.

Id.—Prescripción.—Para adquirir por prescripción la servidumbre de paso, es necesario que su uso haya tenido lugar por un período mayor de cuarenta años.

Id.—Ley Hipotecaria.—Título no inscrito.—Las disposiciones de la Ley Hipotecaria no pueden ser invocadas para determinar los efectos de un contrato, estableciendo una servidumbre de paso, si el título no hubiere sido inscrito en el Registro de la Propiedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado de los apelados: *Sr. Manuel F. Rossy.*

El Juez Asociado Sr. Wolf, emitió la opinión del Tribunal.

En el presente caso, que es un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de San Juan, haciendo de una corte de segunda instancia ó apelación, la controversia principal era respecto del efecto que había de darse á un contrato ó convenio, cuyas estipulaciones esenciales eran las siguientes:

Los hermanos Gual, para pasar desde su hacienda "Reunión", por la hacienda "Merced", de los hermanos Sabater, hasta llegar á los terrenos que, con el nombre de "Manfredo", tienen en Cayuras, barrio de Jobos, podrán utilizar el callejón que desde el camino de las Mareas conduce, de Oeste á Este, á la hacienda "Merced", en 363 varas de extensión; y partiendo luego de Norte á Sud, utilizarán un callejón de 6 varas de ancho, de la "Merced",

orillado al Oeste, por las piezas de cañas de la "Moca" y "Vieja María", y al Este, por los pastos de la "Moca", de la propia hacienda, cuyo paso servirá para peones, caballerías y carretas, hasta los dichos terrenos de "Manfredo."

Esta servidumbre (ó derecho de paso) será en beneficio exclusivo de los hermanos Gual y sus sucesores legítimos, mientras sean dueños de la "Reunión"; pues desde el momento, dice la escritura, en que la finca pase á dominio de un tercero, cesará la servidumbre, quedando los Sabater en aptitud de prohibir el paso por su hacienda."

Dicho contrato se celebró ante un Notario y lleva fecha 20 de Mayo de 1886, pero nunca fué inscrito en el Registro de la Propiedad.

En 1891 los apelantes compraron á los hermanos Gual y Silven la citada finca dominante que se expresa en la escritura. El apelado entabló la demanda como representante de su esposa, cuyo padre adquirió la citada finca sirviente en una subasta efectuada en un procedimiento ejecutorio contra los hermanos McCormick, que compraron á los hermanos Sabater, que también se expresa en la escritura.

Los apelantes sostienen que la servidumbre de que se hace mérito en la escritura es un derecho de paso de necesidad. Como quiera que la prueba, ya por casualidad ó ya por otro motivo, no fué elevada con los autos, es imposible que nosotros resolvamos esa cuestión á favor de los apelantes, aunque fuesen correctas sus alegaciones. Resultan, sin embargo, fuertes indicaciones de las declaraciones del Tribunal (contra las cuales no hay disención) que dicho Tribunal no incurrió en error al declarar que no se había probado la necesidad del derecho de paso. Además, estamos de acuerdo con el tribunal que los apelantes debían haber defendido el derecho alegado en otro procedimiento, de acuerdo con lo dispuesto por la Ley. Véase el art. 564 del antiguo Código Civil.

También sostienen los apelantes que la servidumbre que reclaman, aunque de carácter discontínua, podría adquirirse por prescripción. Dichos apelantes alegan que en esta clase de servidumbre, siendo discontínua y aparente, no es necesario probar el título, sino demostrar que se ha usado desde tiempo inmemorial. Con respecto á esta segunda alegación, la prueba presentada en esta Corte es también totalmente defectuosa. Los apelantes, como único recurso, se fundan en los resultandos de la Corte inferior y el voto particular del Juez Richmond; pero es evidente que éste no trató de dar valor alguno á la declaración del testigo que declaró que él había oido á su padre decir que el derecho de paso había existido siempre. La Corte declaró que había prueba al efecto que el uso había existido durante algunos cuarenta años, y como esto es el período mayor que puede considerarse probado, no encontramos error alguno en la declaración de la Corte en el noveno considerando, que la prescripción no había sido demostrada, siendo necesario un período mayor de acuerdo con las sentencias de la Corte Suprema de España.

Supongamos que con inclusión del período que los propios apelantes estaban en posesión del predio dominante, hubiesen demostrado que los callejones habían sido usados durante un período mayor que el necesario para la prescripción. No obstante, las leyes de inscripción, como la Ley Hipotecaria, son para el beneficio de aquellas personas que inscriben sus títulos, entre las cuales hubiesen estado comprendidos los apelantes si hubieran hecho lo necesario para establecer y probar su derecho de servidumbre. Sin embargo, como quiera que su reclamación dependía de un particular no comprendido en la Ley Hipotecaria, ésta no puede gobernar el efecto que debe darse al contrato de 1886.

El contrato fué celebrado por los dueños predecesores de los hermanos Amorós y éstos están obligados al cumplimiento del mismo. Los apelantes estaban en el mismo

deber de inscribir su derecho de prescripción que el de incribir el contrato. Suponiendo que cada uno de ellos tomó posesión sin tener conocimiento de la reclamación del otro, tanto derecho tiene el apelado para ser considerado como tercero, como lo tienen los apelantes.

Nosotros no estamos de acuerdo con la alegación de los apelantes que el contrato sea un mero *modus vivendi*. Admitiendo eso, parece que entonces sería necesario probar el derecho de prescripción, según originó en 1886. Puesto que los testigos declararon unos catorce años más tarde, igual número de años había de rebajarse de su edad lo mismo que de sus cálculos, con la correspondiente disminución en la fuerza de la alegación de los apelantes con respecto al derecho de prescripción.

No encontramos nada en los autos que justifique las reclamaciones de los apelantes, ni razón alguna para alterar el montante de los daños y perjuicios expresados en la sentencia de la Corte de Distrito, cuya sentencia debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.