ALBARRÁN v. PAZ ET AL.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 807.—Resuelto en diciembre 5, 1912.

ALEGACIONES ENMENDADAS—REDACCIÓN DE LAS ALEGACIONES ENMENDADAS INCORPORANDO LAS ENMIENDAS—DEBERES DEL TRIBUNAL SENTENCIADOR—Cuando una parte enmienda una de sus alegaciones, debe presentar al tribunal su alegación enmendada escribiéndola toda de nuevo, pues es mala práctica el presentar únicamente las enmiendas propuestas sin incorporarlas en la alegación que se desea enmendar, y los tribunales deben denegar las enmiendas que no se presenten en la forma indicada.

SERVIDUMBRE DE PASO—DISFRUTE DE LA SERVIDUMBRE POR TIEMPO INMEMORIAL.—El concepto de tiempo inmemorial aplicado al disfrute de una servidumbre, significa el uso de dicha servidumbre por un tiempo tan largo que está fuera del alcance de la memoria de los habitantes de más edad de dicha vecindad, o desde una época tal que la memoria del hombre no puede recordar. En el caso de autos la prueba no sostiene la alegación hecha por el demandante de haber disfrutado de la servidumbre de paso en litigio desde tiempo inmemorial.

ID.—CONSTITUCIÓN DE SERVIDUMBRE POR MEDIO DE CONVENIO VERBAL HECHO POR MANDATARIOS VERBALES.—Examinada la prueba en el caso de autos *se resolvió,* que de la misma resulta que la servidumbre de paso que alega el demandante haber sido constituída en virtud de un convenio verbal celebrado entre los mandatarios verbales de ambas partes, no ha sido debidamente probada en el juicio.

ID.—CONSTITUCIÓN DE SERVIDUMBRE DE PASO POR MEDIO DE CONVENIO ESCRITO.—Los actos de constitución de servidumbre de paso deben ser otorgados por medio de convenio escrito entre las partes, para que tengan validez en ley y puedan ser objeto de consideración por los tribunales.

ID.—INEXISTENCIA DE LA SERVIDUMBRE—INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS.—No habiéndose probado en el caso de autos la existencia de la servidumbre de paso alegada por el demandante, y teniendo en cuenta que únicamente pueden ser objeto de indemnización los daños y perjuicios que se deriven

inmediata y necesariamente de los actos de la parte que deba responder de ellos, es necesario concluir que es improcedente la indemnización de daños y perjuicios reclamada por la parte demandante en este caso.

Los hechos están expresados en la opinión.

Abogado. del apelante: *Sr. Cay. Coll Cuchí.*

Abogados de los apelados: *Sres. Juan de Guzmán Benítez y Manuel Paz Urdaz.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La cuestión envuelta en este caso se refiere a la existencia de una servidumbre de paso que el demandante, que perdió el pleito en la corte inferior y es el apelante ante este tribunal, alega tener por un camino a través de la finca de uno de los demandados, cuyo camino le da entrada y salida a la carretera que conduce de Utuado a Arecibo. Alega también el demandante que ha sufrido daños y perjuicios con motivo de la clausura de dicho camino a través de la finca del demandado. Los demandados niegan la existencia de la servidumbre, así como también el hecho de haber sufrido el referido demandante ningún daño según alega.

Aparece de los autos que la corte inferior declaró con lugar la excepción previa que se formuló a la primera demanda que se archivó en este caso, presentando entonces el demandante una demanda enmendada a la que también se formularon excepciones por los demandados, las que fueron también declaradas con lugar. El abogado del demandante enmendó entonces su demanda enmendada presentando un documento en el que trata de incluir en ciertos sitios determinadas cláusulas, adoptando la forma de las mociones que se presentan en la legislatura para hacer enmiendas a un proyecto de ley. Esa es una práctica defectuosa. Siempre que se enmiende alguna alegación debe ésta rehacerse enteramente siguiendo la forma en que se ponen en limpio los proyectos de leyes en la asamblea, a fin de que pueda leerse y comprenderse sin que sea necesario hacer referencia alguna a ningún otro documento. Si no se hace así las cortes infe-

riores no tomarán en consideración dichas enmiendas y declararán con lugar cualesquiera excepciones que se presenten a las referidas alegaciones por defectos que resulten de su faz.

Examinada la demanda en relación con las pretendidas enmiendas se verá que el demandante funda su derecho a una servidumbre de paso en el uso de la misma desde tiempo inmemorial como también en un contrato especial. Pero alega al parecer, que la servidumbre que provino del uso inmemorial quedó extinguida por mutuo consentimiento y sustituída por el derecho a usar otro camino en el cual se convino y que pasaba por otra parte de la finca. Esto no resulta completamente claro por la confusión que surgió debido a este método inadecuado de hacer alegaciones, si bien parece que eso fué lo que trató de expresar el demandante.

Resulta, además, que el convenio por virtud del cual se alega que quedó acordado utilizar otro camino no fué celebrado por las propias partes demandante y demandada, sino por sus agentes que solamente obraban de acuerdo con el poder verbal que tenían y el convenio mismo era simplemente verbal.

El demandante no alega tener derecho alguno a una servidumbre en la finca del demandado que nazca de la ley por el hecho de estar su finca circundada por otras de personas que son dueñas de la finca contigua, no habiéndose presentado por tanto cuestión alguna en cuanto a ese aspecto del caso.

El demandante alega que ha estado en posesión del predio dominante desde tiempo inmemorial haciendo uso de la servidumbre que reclama, pero tal alegación no está sostenida por su prueba. El término *tiempo inmemorial* cuando se aplica a servidumbres, significa fuera del alcance de la memoria de los habitantes de más edad en la vecindad, o desde una época tal que la memoria del hombre no puede recordar.

No consta en los autos prueba alguna que establezca dicha alegación.

Pero aun cuando el demandante hubiera tenido en cualquier época una servidumbre fundada en el uso por tiempo inmemorial, esa servidumbre, según las alegaciones del propio demandante, quedó extinguida y substituída por otra nueva que se estableció por convenio verbal celebrado entre las partes por sus respectivos representantes. Por tanto el demandante debe fundarse en la segunda servidumbre, según el caso que él mismo presenta en sus alegaciones. Pero la prueba está lejos de ser satisfactoria en cuanto a este punto. La conversación a que ha hecho referencia el mandatario del demandante ha sido negada por el del demandado, habiendo ciertamente la corte inferior dado crédito a este último. Además, no existe prueba en absoluto con respecto a la facultad de los diferentes mandatarios para llevar a cabo tales convenios. Por lo menos, no aparece prueba alguna de la misma en los autos. Además de esto, parece que el convenio que se alega hicieron las partes, así como la facultad que se dice fué otorgada a los mandatarios para celebrarlo fué verbal enteramente y se dió en cierta forma indeterminada que no está definida claramente. Estos actos importantes debieron haberse llevado a efecto por medio de escrituras debidamente otorgadas por las partes, para que tuvieran valor con arreglo a la ley y pudieran ser tomados en consideración por los tribunales en los casos en que se trata de establecer una servidumbre. Por no demostrar el demandante estos hechos debidamente el caso cae por su base. (Código Civil, art. 547.)

Pero a mayor abundamiento hacemos presente que de la prueba practicada constante en el récord, se viene en conocimiento de que por la finca del demandado Manuel Paz Urdaz, hay un camino abierto al público, perfectamente viable, que pasando el río da acceso a la finca del demandante Albarrán, el cual ha podido ser utilizado por éste, como lo utiliza todo el mundo, para el transporte de frutos, paso de caballe-

rías y carros. De modo que, en todo caso, bien pudo el demandante usar de dicho camino para el transporte de sus cañas a la central de Utuado, sirviéndose de él para ir a la carretera. Como ese derecho existía, el demandante no podía alegar que había sufrido daños y perjuicios, que en todo caso se habría evitado el demandante usando dicho camino en igual forma que lo usan los demás vecinos que residen en la vecindad.

Podemos decir substancialmente como el juez sentenciador en cuanto a la alegación de daños, que somos claramente de opinión de que no se ha justificado la existencia de la servidumbre de paso según expresa el demandante sobre la finca del demandado, y por tanto no es necesario estimar los daños y perjuicios que han sido alegados por el demandante, puesto que éstos vendrían derivados, si se hubieran sufrido, de la existencia de la servidumbre; y declarada como está su inexistencia, no hay términos hábiles para exigirlos. Considerando, además, que para que dichos daños y perjuicios puedan ser indemnizados deben derivarse inmediata y necesariamente de los hechos que los originen, o sea, de la culpa, malicia o negligencia de la persona a quien se les imputen, estando en este caso establecida la legalidad de los actos del demandado por el hecho de la inexistencia de la servidumbre, por lo que no pueden resultar daños.

En vista de los hechos según aparecen de los autos y de la ley aplicable a los mismos, no existe error alguno en la sentencia de la corte inferior y debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.