NOGUERAS, NÉE ALVAREZ, DEMANDANTE Y APELADA, v. FERNÁNDEZ ET AL, DEMANDADOS, Y GARCÍA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre negatoria de servidumbre.

No. 1537.—Resuelto en abril 10, 1917.

NEGATORIA DE SERVIDUMBRE—SERVIDUMBRE DE PASO—PRUEBA DEL DEMANDADO.—En los casos sobre negatoria de servidumbre una vez que el dueño del predio sirviente ha probado su título, al demandado corresponde demostrar que existe la servidumbre.

ID.—ID.—CONCLUSIONES DE HECHO.—Cuando en una acción sobre negatoria de servidumbre el apelante no somete a la consideración del Tribunal Supremo ningún análisis de la prueba con el fin de anular la conclusión hecha por la corte inferior de que la propiedad había tenido un solo dueño hasta la fecha en que se hizo la venta y, por tanto, que no podía surgir cuestión alguna de servidumbre y que dicha venta tuvo lugar unos cuarenta años antes del juicio, habiendo quedado demostrado positivamente este período de tiempo por los mismos testigos del demandado, debe confirmarse la sentencia dictada a favor del demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogado de la apelada: *Sr. M. Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La acción ejercitada en este caso fué sobre negatoria de servidumbre. Se admite que en esta clase de acciones una vez que el dueño del predio sirviente ha probado su título, al demandado corresponde demostrar que existe dicha servidumbre. Se celebró el juicio del caso y la corte dictó sentencia a favor del demandante.

Tres son los errores que han sido alegados por el apelante Carlos García Busó. 1°. Que la corte erró al no declarar en su sentencia que el demandado había probado que el camino objeto del litigio estaba en uso. 2°. Que la corte erró apli-

cando indebidamente el artículo 547 del Código Civil vigente. La corte, sostiene el apelante, llegó a la conclusión de que el apelante se basaba en un contrato verbal, pero la verdad según él es que fundaba su derecho en una servidumbre inmemorial y meramente presentó como prueba el contrato verbal celebrado para probar la ratificación.   3°. En este señalamiento de error el apelante admite que su defensa de la necesidad de un camino para llegar a la carretera no hubiera podido alegarse en esta clase de acción si únicamente se hubiera basado en la simple necesidad de dicho camino, pero alega que la existencia de esa necesidad demuestra por sí dicho uso inmemorial.

En el análisis final todos estos tres señalamientos de error dependen de la cuestión de si la prueba en realidad de verdad tendió a establecer dicho uso inmemorial.   La apelada cita jurisprudencia con el fin de demostrar que la frase "tiempo inmemorial" comprende un período de tiempo mayor de cuarenta años y que hemos aplicado esa jurisprudencia en el caso de *Cividanes* v. *Amorós Hermanos,* 8 D. P. R. 589.   En lo que respecta a la cuestión de hecho podemos decir que el apelante no ha sometido a la consideración de este tribunal ningún análisis de la prueba con el fin de anular la conclusión hecha por la corte inferior.   Esta llegó a la conclusión de que la propiedad había tenido un solo dueño hasta la fecha en que se hizo la venta en este caso y por tanto que no podía surgir cuestión alguna de servidumbre, y que dicha venta tuvo lugar unos cuarenta años antes de la fecha del juicio.   Este período de cerca de cuarenta años quedó demostrado positivamente por los mismos testigos del demandado y por consiguiente no vemos que exista nada en contra de la conclusión de la corte, debiendo, por tanto, confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.