NIDO & CÍA., DEMANDANTES Y APELANTES, *v.* ALBIR ALICEA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre *injunction.*

·No. 1851.—Resuelto en enero 27, 1919.

SERVIDUMBRE DE PASO—USO INMEMORIAL—INJUNCTION—PRESCRIPCIÓN.—En este caso los demandantes a título de arrendatarios de cierto predio rústico establecieron demanda de *injunction* para impedir el tránsito por dicho predio al demandado, dueño del predio colindante. El demandado se opuso y la corte de distrito declaró sin lugar la demanda fundándose en que el camino en disputa constituye una servidumbre impuesta sobre el predio poseído en arrendamiento por los demandantes a favor del demandado como dueño del predio dominante. Apelada esta sentencia, *se resolvió:* que rigiéndose este caso por la legislación anterior al Código Civil, el demandado pudo invocar el uso inmemorial del camino para demostrar su derecho a pasar por él, y pudo probar como probó tal uso por el testimonio de testigos, uno de los cuales tiene de 65 a 67 años y otro de 76 a 77, y cuyos testimonios abarcaron un período mucho mayor de 40 años.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco González.*

Abogados del apelado: *Sres. Juan B. Huyke* y *J. López del Valle.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Nido & Cía., sociedad agrícola industrial, entabló una demanda en la Corte de Distrito de Humacao en solicitud de un auto de *injunction* dirigido contra Albir Alicea. Alegó dicha sociedad que tenía arrendada cierta finca rústica que describe y que el demandado, sin su consentimiento y sin título o derecho alguno para ello, había roto repetidas veces la cerca de la finca y pasado por dentro de ella, insistiendo en continuar procediendo de tal modo. El demandado contestó alegando que era dueño de cierta finca colindante con la que tenía arrendada la demandante y que en efecto pasaba por dentro de la finca poseída por la demandante por un camino que había usado siempre y que existía desde tiempo inmemorial. Celebrada la vista, la corte resolvió el pleito en contra de Nido & Cía., porque "el camino objeto del litigio constituye una servidumbre impuesta sobre el predio sirviente de que disfrutan en arrendamiento los demandantes, y al cerrar éstos dicho camino, se convierten en perturbadores del derecho que asiste al demandado como dueño del predio dominante."

La parte demandante apeló y sostiene en su alegato que la corte de distrito erró al declarar que existía una servidumbre de paso.

Hemos examinado cuidadosamente la prueba y a nuestro juicio sostiene la sentencia. Se admite por la parte apelante que este caso debe regirse por la legislación anterior al Código Civil y de acuerdo con ella es bien claro que el demandado pudo invocar el uso inmemorial del camino para probar su derecho a pasar por él. "Mas las otras servidumbres de que se ayudan los homes", dice finalmente la ley 15, del título 31 de la Partida tercera, "para aprovechar et labrar sus heredades et sus edificios, que non usan dellas cada día, mas a las veces et con fecho, así como senda o carrera o vía que hobiese en heredat de su vecino o en agua que veniese una vez en la semana, o en el mes o en el año et non

cada 'día, tales servidumbres como estas et las otras seme-
jantes dellas non se podrien ganar por el tiempo sobredicho,
ante decimos que qui las quisiere haber por esta razón
que ha meenester que hayan usado dellas ellos o aquellos de
quien las hobieron tanto tiempo que non se puedan acordar
los homes quanto ha que lo comenzaron a usar''.

La sociedad demandante es arrendataria de la finca por
donde pasa el camino o senda. Los actuales dueños de esa
finca no han intervenido en el pleito. En el acto de la vista
declararon un administrador y un empleado de un antiguo
dueño y reconocieron la existencia del camino. Es más, di-
jeron que intentaron cerrarlo y que así lo propusieron al due-
ño y éste no accedió porque no estaba dispuesto a violar de-
rechos adquiridos. Declararon también, el demandado que
dijo: '' *  *  *  que ese camino lo viene utilizando desde
que era pequeño, tiene como sesenta y cinco o sesenta y siete
años, nació en el mismo sitio y allí mismo vive en lo que le
dejó su padre, y siempre ha conocido ese camino, siempre
*  *  *  '', y el testigo Eduviges Santiago, que manifestó:
'' *  *  *  que el declarante tiene setenta y seis a setenta y
siete años y conoce ese camino desde que se conoce él mismo,
ha conocido siempre ese camino, ha nacido allí y siempre ha
visto ese camino ahí  *  *  *  ''.

Se invoca por la parte apelante la sentencia del Tribunal
Supremo de España de 9 de noviembre de 1865, 12 J. C.
265, en la que se establece la doctrina de que:

'' La posesión inmemorial no se justifica suficientemente
con testigos, el mayor de 55 años, por más que digan que
así lo han visto durante el tiempo de que pueden dar razón.''
Pero en el presente caso los testigos que declaran, tiene uno
de 65 a 67 años y otro de 76 a 77, y su testimonio abarca
claramente un período mayor de cuarenta años. *Cividanes*
v. *Amorós Hermanos,* 8 D. P. R. 589. Además el mismo
Tribunal Supremo de España limitó su anterior doctrina
cuando en su sentencia de 17 de junio del 1873, 28 J. C.

196, decidió que: ."La ley 15, tít. 31, de la Partida 3ª. se limita
a determinar el tiempo necesario para la prescripción de las
servidumbres continuas y discontinuas, sin hacer indicación
alguna respecto a las condiciones que deben tener los testi-
gos que se presenten en juicio para acreditar la existencia
de aquellas; y por lo mismo no puede ser infringida en el
sentido de haber dado valor la Sala sentenciadora a la decla-
ración de personas inhábiles por su edad para dar razón de
hechos que por su antigüedad no pueden los hombres acordarse
de cuándo tuvieron principio.''

También se invoca por la parte apelante la sentencia del
Tribunal Supremo de España de 15 de diciembre de 1882,
50 J. C. 469, que establece la doctrina de que: ''Si bien las
servidumbres discontinuas, cual es la de camino o vía, pueden
adquirirse por la prescripción de tiempo inmemorial, es ne-
cesario para ello que el uso no sea por fuerza, ni por ruego
al dueño del predio sirviente, sino con buena fe en la creencia
de que se tiene derecho para ello.'' Y esa es en efecto la bue-
na doctrina, pero en este caso la prueba no demuestra que
la fuerza o el ruego sean la base actual del derecho del de-
mandado. Por voz de su administrador Antonio Noya, habló
el antiguo dueño Antonio López, así: ''Expresa Noya que
como faltaba ganado de la finca intentó cercarla toda y dijo
a don Antonio que por qué no mandaba cerrar las puertas
que daban acceso al camino, y él me dijo que él no podía man-
darlas a cerrar porque aquello era un camino al cual tenían
derecho los colindantes.'' Y en igual sentido se expresa Bar-
tolomé Flaquer empleado de López por espacio de dos años.

Es cierto que puede presentarse una prueba mejor que
la que existe en este caso para demostrar el uso inmemorial.
Antiguos monumentos, mapas, libros, historias de sucesos
que tuvieran lugar en el camino mismo o en relación con
dicho camino, etc., podrían aportar una prueba que rebasaría
los límites de la memoria de los más ancianos del lugar, pero
si la prueba testifical es por sí sola suficiente, entonces las

declaraciones de dos testigos de la edad que dejamos indicada y que declararon en la forma que conocemos, es lo más que puede exigirse. Y si esa prueba no es la única que existe, sino que se presenta acompañada de admisiones de uno de los antiguos dueños y frente a ella sólo se encuentra el testimonio del arrendatario del predio por donde pasa el camino y de su administrador y el hecho de que la servidumbre no consta inscrita en el registro, es necesario convenir en que actuó con razón derecha la corte de distrito al desestimar la demanda con imposición de las costas a la sociedad demandante.

*Declarada sin lugar la demanda de* injunction.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.