CAYEY-CAGUAS TOBACCO COMPANY, DEMANDANTE Y APELADA, *v.* RAMÍREZ ET AL., DEMANDADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre reconocimiento de servidumbre de paso.

No. 1894.—Resuelto en julio 14, 1919.

SERVIDUMBRE DE PASO — PRESCRIPCIÓN — RENUNCIA DEL DERECHO ADQUIRIDO. — Cuando el dueño del predio dominante ha adquirido por uso constante (*user*) desde tiempo inmemorial el derecho de servidumbre de paso, el hecho de que el demandado transcriba en la contestación un documento de fecha reciente contentivo de un permiso por el que se autoriza a la demandante a atravesar la finca de uno de los demandados por un período de tres meses, no es por sí solo suficiente a constituir una renuncia de la servidumbre adquirida por prescripción, y menos cuando, como en el presente caso, en la contestación no se alega la entrega y aceptación de semejante documento que por otra parte tampoco fué ofrecido como prueba.

ID.—ID.—Un ligero cambio introducido hace veinte y cinco años en el curso de un camino cuya servidumbre de paso ha sido adquirida a título de prescripción por uso inmemorial no interrumpe la prescripción por tal título ganada.

Id.—Uso desde Tiempo Inmemorial.—Cuando el uso de la servidumbre de paso data de tiempo inmemorial el dueño del predio dominante tiene derecho a exigir el reconocimiento de la servidumbre a título de prescripción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael Arce.*

Abogado de la apelada: *Sr. Joaquín Vendrell.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La corporación Cayey-Caguas Tobacco Company entabló demanda sobre reconocimiento de servidumbre de paso sobre terrenos de los demandados. En la demanda se alega que la corporación demandante es dueña de una finca y arrendataria de otra (que se describe); que por estas dos fincas atraviesa un camino conocido con el nombre de "Rincón", que, partiendo desde el kilómetro 56.3 en la carretera central que conduce de San Juan a Ponce atraviesa con dirección hacia el norte la finca del demandado José Ramírez hasta el río de "La Plata" donde hace colindancia con la finca propiedad del otro demandado Manuel Pérez; de aquí entrando y saliendo por la referida finca del expresado Pérez, siguiendo por las de la corporación demandante y por terrenos de Pedro Vázquez, hasta que termina en un camino vecinal de la jurisdicción de la Cidra; que el camino llamado Rincón es la única vía de comunicación que la demandante tiene con las dos fincas o propiedades por donde atraviesa el ameritado camino, habiéndose constituído como una servidumbre de paso, para el uso y beneficio de las propiedades que las comunica y para proporcionar una vía de comunicación con otras vías principales, sin que haya habido oposición alguna por los distintos dueños de las propiedades que recorre dicho camino; que los demandados José Ramírez y José Pérez, sin derecho alguno, han obstruído el mencionado camino llamado "Rincón", colocando el Ramírez una puerta a la entrada de dicho camino la que constantemente mantiene cerrada con llave y el otro demandado

Pérez colocando dos cercas, una en el río "La Plata" y otra donde forma un recodo el camino ameritado, privando de esta manera a la corporación demandante del uso y disfrute del ya mencionado camino; que las fincas en cuestión y que pertenecen a los demandados radican ambas en el barrio de Rincón, pero que la de Ramírez radica dentro de la jurisdicción de Cayey mientras que la de Pérez está sita en la jurisdicción de Cidra.

El demandado Ramírez apela de una sentencia dictada en favor de la demandante e insiste en que la corte inferior erró—

*Primero,* al considerar que los hechos alegados en la demanda son suficientes a constituir una causa de acción.

*Segundo,* al desconocer el alcance legal del documento transcrito por el demandado en su contestación.

*Tercero,* al aplicar impropiamente la doctrina de la prescripción por posesión de tiempo inmemorial.

*Cuarto,* al infringir los artículos 539, 540 y 543 del Código Civil anterior.

*Quinto,* al dictar una sentencia incongruente con el resultado de la prueba.

La teoría en que se funda el primer señalamiento de error es la de que el demandante ha establecido su demanda como arrendatario, invade funciones gubernamentales y trata de que se determine el *status* de un camino público, no describe bajo sus respectivas colindancias y dimensiones ni los predios sirvientes ni la faja de terreno que se quiere sujetar al gravamen, ni se determina el fin específico de la servidumbre al efecto de conocerse la anchura de la vía y extensión de la carga que han de soportar los predios sirvientes.

Quizás en la demanda no se describe la servidumbre alegada con la suficiente exactitud o con los detalles suficientes a sostener la súplica para su inscripción en el registro de la propiedad, sin embargo, nada dice la sentencia sobre este

punto y la descripción que se contiene en la demanda es suficiente a indentificar con razonable certeza el sitio por donde ha de trazarse la servidumbre de paso.

Aparte de la cuestión respecto de hasta qué punto puede considerarse la incapacidad del demandante para demandar como arrendatario y la de la alegada invasión de funciones gubernamentales, en conexión con la cuestión de los hechos necesarios a constituir una causa de acción, bastará decir que el demandante ha entablado, además, su demanda como dueño y que en la demanda no se alega ni se trata de reivindicar un camino público a nombre ni en beneficio o para el uso del público en general.

El documento a que se refiere el segundo motivo de este recurso y que se copia en la contestación del demandado Ramírez, pero que nunca se ofreció en prueba, es un permiso escrito fechado en septiembre 23 de 1915, por el que se autoriza a la corporación demandante a atravesar la finca del demandado con sus carros y vagones de carga por un período de tres meses a contar de su fecha. Aparte de que el supuesto permiso tiene el carácter de aquella prueba que se estima en beneficio propio (*self-serving*), y, admitiendo por razón del argumento, que "la defensa contra la acción se fundase" en dicho documento dentro del alcance legal del artículo 120 del Código de Enjuiciamiento Civil y que dicho documento es uno de aquellos previstos por dicho artículo, aun así el no haber presentado el demandante un *affidavit* negativo sólo admite "la autenticidad y otorgamiento en forma de dicho documento", que pudo haberse redactado durante estaban pendientes las negociaciones para transigir y arreglar el asunto en discusión y no es necesariamente incompatible con las pretensiones del demandante por derecho de prescripción, ni, sin más, suficiente a constituir una renuncia o dejación de la servidumbre de paso ya adquirida por la demandante por uso constante (*user*) desde tiempo inmemorial. En la contestación ni siquiera se alega la entrega y

aceptación de semejante permiso, y si pudiera considerarse como una excepción por "estoppel" el supuesto requerimiento o petición del ameritado documento, tendríamos, sin embargo, que la verdad de semejante materia afirmativa no puede estimarse admitida por no haberse presentado el indicado *affidavit* negativo de la firma, ni tampoco se presentó prueba alguna en apoyo del mismo.

El tercer motivo se funda en la proposición de que el actual camino que cruza los terrenos del demandado ha estado al uso por menos de veinte y cinco años. La conclusión de la corte sobre este punto se pronuncia en el sentido de que el camino en controversia ha existido desde tiempo inmemorial, habiéndose hecho cierto cambio en el curso de una parte del mismo después de haberse construído un puente sobre el río "La Plata", con cuyo nuevo curso ha venido usándose por más de veinte y cinco años, y que al adoptarse la nueva ruta por los terrenos de Ramírez el antiguo camino que cruzaba la misma finca fué cerrado por él o por sus causantes, sin dejarle otra conveniente salida al demandante que la vía así sustituída por el antiguo camino. Por parte del demandado no se ha sugerido, ni ofrecido, ni indicado el que estuviese dispuesto a abrir de nuevo el antiguo camino que atravesaba su finca, y que cerró, y dadas las circunstancias no vemos razón alguna por la que un ligero cambio en el curso de una porción del antiguo camino, aparentemente consentido, ratificado y adoptado por los causantes del demandado, debiera declararse que se haya interrumpido el término de la prescripción. Lo dicho sobre este punto resuelve también el cuarto motivo salvo en tanto cuanto en el mismo se levanta alguna cuestión referente a la suficiencia de la prueba o tendente a negar el derecho que tiene la demandante para descansar en la prescripción por uso constante (*user*) desde tiempo inmemorial para establecer el derecho alegado.

La escueta proposición de que los *findings* del juez sen-

tenciador no están sostenidos por la prueba, acompañada de manifestaciones hechas con cierta vaguedad respecto de lo que, a juicio del apelante, tiende a probar la prueba en su conjunto, no le impone a esta corte la obligación de entrar a rebuscar datos en la prueba testifical que apoyen la contensión propuesta con el fin de revocar la deliberada sentencia dictada por la corte inferior.

El artículo 1939 del código anterior expresamente disponía que ''la prescripción comenzada antes de la publicación de este código se regirá por las leyes anteriores al mismo,'' con la cual disposición se tuvo la intención de cubrir todos los cambios esenciales que afectaran la materia en lo sustantivo así como en materia de tiempo. 12 Manresa, 767, 81 Jur. Civ. 73.

''Pudo establecerse la servidumbre por contrato verbal, o en virtud de un documento público o privado que ha sufrido extravío, o es difícil o costoso adquirirlo. Pudo o puede establecerse la servidumbre por prescripción con arreglo a los preceptos anteriores al Código Civil o al artículo 1939 de este cuerpo legal. En todos estos casos la servidumbre existe, su prueba es difícil, y se concibe el reconocimiento y la sentencia. El primero por la conformidad del dueño del predio sirviente, convencido de la verdad del gravamen. El segundo, por su oposición, falta de consentimiento u obstinada negativa a tolerar el ejercicio de la servidumbre. En este último caso, la prueba se contraerá a demostrar la existencia de dicha servidumbre, bien se hubiese constituído por título, bien se hubiera adquirido por prescripción, y la sentencia se limita a declarar la realidad del gravamen.'' 4 Manresa, Código Civil 603.

Entre las disposiciones transitorias del Código Civil Español (artículo 1976), la primera de ellas es como sigue:

''Se regirán por la legislación anterior al código los derechos nacidos, según ella, de hechos realizados bajo su régimen, aunque el código los regule de otro modo o no los reconozca.''

Al resolver un caso muy parecido al de autos el Tribunal Supremo de España, en 1898, 83 Jur. Civ. 486, declaró, y citando el sumario, lo siguiente:

"Que según la ley 15, tít. 31, Partida 3ª., para la prescripción de las servidumbres discontinuas es menester que se haya usado de ellas tanto tiempo que no se puedan acordar los hombres, que es lo que le da el carácter inmemorial.

"Que tratándose de un derecho ya existente para la publicación del Código Civil vigente, procede aplicar la regla 1ª. del mismo, y haciéndolo así no se infringe el artículo 1939.''

Respecto del quinto motivo, bastará decir que de los autos en su conjunto no aparece aquel error manifiesto que se requiere para la revocación de la sentencia.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.