VILLODAS, DEMANDANTE Y APELANTE, *v.* A. HARTMANN & CO.
ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama
en pleito sobre acción confesoria de servidumbre y da-
ños y perjuicios.

No. 2030.—Resuelto en julio 23, 1920.

SERVIDUMBRE DE PASO—USO INMEMORIAL.—A partir de la vigencia del Código
Civil, no es título suficiente para adquirir una servidumbre de paso el uso
inmemorial, pero tal medio es legal cuando el uso comenzó con anterioridad
a dicha vigencia, ya que la antigua legislación como tal lo reconocía.

PRUEBA CONTRADICTORIA.—La prueba en este caso fué contradictoria. La corte
decidió el conflicto en favor del demandado. *Se resolvió:* que en ausencia
de un manifiesto error por parte de la corte sentenciadora, debía sostenerse
su apreciación, tanto más cuanto que el apelante no elevó a esta Corte Su-
prema toda la evidencia que se sometió a la corte de distrito.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. M. y J. Tous Soto,* y *J. C.
Ramos.*

Abogado de los apelados: *Sr. T. Bernardini.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Se ejercitó por el demandante en este pleito la acción
confesoria de servidumbre, acumulando a ella la de daños y
perjuicios. La cuestión a resolver quedó planteada, especial-
mente, en los hechos quinto y sexto de la demanda, que dicen
así:

"5°. Que desde tiempo immemorial, la finca descrita en primer
término, propiedad del demandante, tiene el goce y disfrute, libre
y permanentemente de una servidumbre de paso a través de la finca
descrita en segundo término, por un camino con signos aparentes,
que partiendo desde la colindancia Sur de la finca del demandante,
atraviesa la finca descrita en el hecho tercero de esta demanda, de
Norte a Sur, en extensión de 888 metros con 75 centímetros de
largo por tres metros con 25 centímetros de ancho, hasta bifurcarse
en el cauce de la Quebrada 'Creo,' que dá arceso a la carretera que
conduce de Guayama a Patillas.

"6°.—Alega el demandante, que el referido camino ha sido uti-
lizado por él y los anteriores dueños de su descrita finca, perma-

nentemente, como vía de paso, sin interrupción alguna, quieta y pacíficamente desde una época que está fuera del alcance de la memoria de los habitantes de más edad en la vecindad, siendo la única vía de salida hacia la mencionada carretera utilizada para el servicio de la indicada finca del demandante.''

Los demandados contestaron. A continuación transcribimos la parte de los hechos dos, tres, cinco y seis de la contestación, necesaria, a nuestro juicio, para formar un claro concepto de cómo quedó definitivamente trabada la contienda entre las partes.

''2º. Que la faja de terreno sobre la cual pretende el demandante establecer una servidumbre de paso a través de la finca de las demandadas y a favor de su propiedad, es un callejón de exclusivo uso y propiedad de la finca de las demandadas. * * *

''3º. Que el tránsito del demandante por el callejón de referencia ha sido precariamente, por pura benevolencia de las demandadas. * * *

''5º. Que el tantas veces mencionado paso existe y empezó a usarse por los anteriores dueños de la finca de las demandadas desde hace unos 25 a 30 años según su mejor información y con motivo de haberse deteriorado el antiguo camino de la Romana, siendo entonces una vereda o senda a través del paso y sin la dirección que hoy tiene, pues en vez de extenderse de Norte a Sur como en la actualidad, se extendía de Sur a Oeste hasta llegar cerca del antiquísimo camino llamado de la Armagnac o de Madama Romana, salida natural de la finca del demandante a la carretera que conduce a Arroyo, y que tal como en la actualidad se usa data de época reciente o sea desde hace pocos años antes del fallecimiento de don Emilio Guilliod, anterior dueño de la finca del demandante, al cual también y a su arrendatario se toleraba el paso alguna que otra vez. * * *

''6º. Que la antigua y única vía de paso que siempre utilizó la finca del demandante para salir a la carretera de Arroyo es un antiguo camino que, según la información y creencia y el mejor conocimiento de las demandadas, existe desde tiempo inmemorial..''

Fué el pleito a juicio. Se practicó una larga prueba testifical. Declarando el testigo Antonio Covas, ocurrió lo que sigue: ''(Aquí el testigo solicita de la corte le permita co-

ger un objeto para hacer la explicación más clara, y dice, haciendo un croquis en el papel) * * * La parte demandante presenta el croquis como prueba y la corte ordena se marque con la letra X para su identificación.'' (Página 40 y 41 de la transcripción). Entre las pruebas presentadas por el demandado figuraron dos fotografías que se admitieron y se marcaron con los números uno y dos. (Página 74 de la transcripción). El juez sentenciador inspeccionó personalmente las fincas y los caminos a que se refieren la demanda y la contestación. No se han elevado a este Tribunal Supremo ni el croquis, ni las fotografías, ni el acta que debió levantarse de la inspección ocular.

Terminado el juicio, la corte de distrito dictó sentencia desestimando la demanda, sin especial condenación de costas. Y contra esa sentencia es que la parte demandante interpuso el presente recurso de apelación.

De acuerdo con sus títulos e inscripciones de los mismos. en el registro de la propiedad, la finca de las demandadas está libre de gravámenes. Esto fué admitido por la misma parte demandante. Dicha parte reclama el reconocimiento de la servidumbre basándose en el uso inmemorial.

Tal medio de adquirir una servidumbre de paso no es legal a partir de la promulgación del Código Civil. Sin embargo, como de acuerdo con el antiguo derecho, lo era, pudo la parte demandante alegarlo y presentar su prueba en el acto de la vista.

Analizando la prueba testifical aportada por la parte demandante, se concluye que en realidad de verdad desde un tiempo que puede considerarse como inmemorial, tal como define este término la jurisprudencia, de la finca que hoy pertenece al demandante se pasaba por una vereda por dentro de la finca que hoy pertenece a las demandadas para llegar a la carretera.

Analizando la prueba aportada por la parte demandada se concluye que el uso de la vereda a través de su finca no se extiende a un tiempo que pudiera considerarse como in-

memorial; que en diferentes épocas durante un período que comprende a lo sumo treinta años ha habido varios acuerdos privados para permitir el paso, sin que dichos acuerdos nunca llegaran a tener el alcance de una plena concesión de servidumbre de paso a favor de la finca del demandante; que el verdadero camino por el cual desde tiempo inmemorial se salía de la finca del demandante a la carretera, era el llamado de la ''Romana,'' camino que existe en la actualidad; que si bien el actual demandante ha insistido en el ejercicio de lo que él llama su derecho, es lo cierto que ha tratado de contratar con las demandadas pagando un precio por la servidumbre, y que el callejón construído actualmente a través de la finca de la demandada, no está exactamente en el mismo sitio de la antigua vereda, y fué construído por la propia parte demandada o sus arrendatarios para beneficio de su propia finca sembrada desde hace tiempo de cañas.

Siendo ese el resultado de las pruebas, se observa que hubo una verdadera contradicción en el punto esencialísimo de si se trataba o no de un verdadero derecho que venía ejercitándose como tal, desde tiempo inmemorial. La contradicción fué resuelta en contra de la parte demandante por la corte de distrito, y de acuerdo con la repetida jurisprudencia sobre la materia, a menos que se demostrara, lo que no ha hecho el apelante, que la corte había actuado movida por pasión, prejuicio o parcialidad, o que había cometido un error manifiesto, debe prevalecer su conclusión.

Además en este caso hay un motivo poderoso para dejar de intervenir con la apreciación de las pruebas hecha por la corte de distrito, ya que la parte apelante no ha colocado a este Tribunal en las mismas condiciones en que la corte sentenciadora se encontraba al hacer tal apreciación, pues no tenemos ante nosotros ni el croquis ni las fotografías, ni el acta de la inspección ocular, si es que se levantó, como debió levantarse.

En cuanto a la acción de daños y perjuicios por el cierre del camino, habiéndose decidido que el demandante no tenía

derecho al uso del mismo, se imponía su desestimación, ya que la base de la reclamación hecha en tal sentido era precisamente el derecho a la servidumbre.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.