MERCEDES CABANILLAS, demandante, contrademandada y apelada, *v.* JOSÉ R. GELPÍ, demandado, contrademandante y apelante.

Núm. 8511.—*Sometido:* Enero 14, 1943. *Resuelto:* Enero 22, 1943.

*Pedro Baigés Gómez* y *José Rosario Gelpí,* abogados del apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corte inferior declaró con lugar la demanda y desestimó la contrademanda en este caso a virtud de una moción presentada por la demandante solicitando sentencia sobre las alegaciones. La demanda es una corriente sobre negatoria de servidumbre de paso. El demandado en su contestación admitió que la finca de la demandante no aparece "sujeta a servidumbre en los asientos de su inscripción" pero en oposición a que dicha finca no está sujeta a servidumbre alegó "que cuando la demandante adquirió dicha finca existía y estaba aparente y a la vista de la demandante una servidumbre de paso o camino", que describe, el cual fué cerrado por la demandante en junio de 1941, "siendo ésta la única interrupción que en el uso del camino ha ocurrido desde época inmemorial, y con anterioridad al año 1889 que empezó a usarse y ha continuado usándose hasta la fecha". Y en el hecho quinto de la contestación se alegó: "que dicho camino es y constituye desde tiempo inmemorial y con anterioridad al

año en que empezó a regir en Puerto Rico el Código Civil Español de 1890 una servidumbre de paso a favor de la finca'' del demandado. Esta misma alegación se repitió en los hechos sexto y séptimo de la contestación, alegándose además lo siguiente: ''que los anteriores dueños de 'la finca de la demandante y esta misma hasta el día 11 de junio de 1941 respetaron esa servidumbre de paso o camino a favor de la finca del demandado . . . habiendo sido el transporte y tránsito por dicho camino sin interrupción, quieta y pacíficamente, hasta la fecha mencionada en que la demandante prohibió el paso por dicho camino''. Alegó además el demandado que el camino en cuestión dividía y separaba la finca hoy de la demandante en dos parcelas desde tiempo inmemorial y antes de regir el Código Civil Español de 1890.

No obstante estas alegaciones contenidas en la contestación del demandado, la corte inferior en la opinión que emitió para sostener su sentencia sobre las alegaciones y después de citar la jurisprudencia de esta Corte Suprema en los casos de *Cividanes* v. *Amorós Hermanos,* 8 D.P.R. 589; *Albarrán* v. *Paz,* 18 D.P.R. 970; *Torres* v. *Plazuela Sugar Co.,* 24 D.P.R. 479; *Nogueras* v. *Fernández,* 25 D.P.R. 116; *Villodas* v. *Hartmann & Co.,* 28 D.P.R. 787; *Nadal* v. *Muratti,* 34 D.P.R. 251, y *Miner* v. *Irizarry,* 52 D.P.R. 206, llegó a las conclusiones siguientes:

''Primera: Que habiendo admitido el demandado y contrademandante que la finca de la demandante y contrademandada no está sujeta a servidumbre de paso, en favor de la finca del demandado y contrademandante, y que el demandado no ha adquirido dicha servidumbre a virtud de contrato entre las partes y mediante la apropiada compensación no tiene título, derecho ni acción para usar el camino que atraviesa la finca de la demandante y contrademandada.

''Segunda: Que la defensa del demandado y contrademandante, de que ha adquirido la servidumbre de paso a través de la finca de la demandante, por el uso por tiempo inmemorial, no es sostenible en la actualidad, después de la promulgación del Código Civil Español aprobado por real decreto de 1º. de julio de 1889, suprimiendo ese modo de adquirir las (ad) servidumbres de paso.

"Tercera: Que el demandado y contrademandante no ha presentado defensa alguna meritoria y legal que exija la celebración de un juicio en este caso y al contrario, entiende la corte que, exigir la celebración de un juicio en este caso, sería una dilación en la administración de justicia y ocasionar gastos a las partes innecesariamente."

Refiriéndose a la defensa presentada por el demandado dijo además la corte que:

"De acuerdo con la defensa presentada en el presente caso por el demandado, para adquirir la servidumbre de paso sobre la finca de la demandante, se necesitaría que se hubiera alegado que el referido camino se ha estado usando desde antes del año 1850 y, como muy bien alega la demandante, los testigos que vendrían a declarar sobre este punto en la actualidad tendrían una edad de 92 años y necesitarían, además, un tiempo razonable adicional para poder declarar que vieron hacer uso del camino, de modo que necesitarían tener más de 100 años de edad."

Somos de opinión que de acuerdo con las alegaciones contenidas en la contestación del demandado, las conclusiones a que llegó la corte inferior son completamente erróneas y que la argumentación del abogado de la demandante en relación con la edad que deberían tener los testigos del demandado para probar su caso, adoptada por dicha corte, carece de fuerza legal y mérito alguno para ser tomada en consideración al efecto de dictar una sentencia sobre las alegaciones.

La primera y tercera conclusiones de la corte inferior ignoraron por completo, como lo hizo el abogado de la demandante en su moción, las alegaciones contenidas en la contestación que hemos citado anteriormente y, como se dijo en el caso de *Goyco* v. *Royal Bank of Canada*, 37 D.P.R. 364: "Después de levantada una cuestión por la contestación los demandados tienen derecho a un juicio sobre los hechos no admitidos. Una sentencia sobre las únicas cuestiones envueltas dictada sin mediar un juicio, es inexistente. Artículo 195 y siguientes del Código de Enjuiciamiento Civil" y (citas). No tenía la corte inferior discreción para determinar, como lo hizo, que: "exigir la celebración de un jui-

cio en este caso sería una dilación en la administración de justicia y ocasionar gastos a las partes innecesariamente''. Por el contrario, su actuación le negó al demandado su derecho a probar sus alegaciones y de hecho ha dilatado la administración de justicia.

En cuanto a la segunda conclusión a que llegó la corte inferior, un somero examen de los casos citados por ella demuestra que todos fueron resueltos a base de la prueba presentada por las partes y no sobre las alegaciones. En todos ellos se resolvió que el demandado no había probado que la servidumbre existía desde tiempo inmemorial. No se resolvió, en el alcance que erróneamente le dió la corte inferior a dicha jurisprudencia, que en la actualidad no pueda sostenerse una defensa que tienda a demostrar que un derecho de servidumbre de paso se adquirió, por su uso inmemorial, con anterioridad a la promulgación del Código Civil · Español de 1889. Todo depende de que esa alegación se pruebe o no en el juicio correspondiente. Expresamente así lo hemos resuelto en los casos de *Gierbolini* v. *Sucn. Rodríguez,* 23 D.P.R. 870; *Nido & Cía.* v. *Albir Alicea,* 27 D.P.R. 34, y *Cayey–Caguas Tobacco Co.* v. *Ramírez et al.,* 27 D.P.R. 663.

En el caso de *Nido & Cía.,* supra, se dijo: ''Se admite por la parte apelante que este caso debe regirse por la legislación anterior al Código Civil y de acuerdo con ella *es bien claro que el demandado pudo invocar el uso inmemorial del camino para probar su derecho a pasar por él.* (Bastardillas nuestras.)

Y en el de *Cayey–Caguas Tobacco Co.,* supra, se alegó expresamente como error el haberse aplicado impropiamente la doctrina de la prescripción por posesión de tiempo inmemorial y se resolvió lo siguiente:

''El artículo 1939 del código anterior expresamente disponía que 'la prescripción comenzada antes de la publicación de este código se regirá por las leyes anteriores al mismo,' con la cual disposición se tuvo la intención de cubrir todos los cambios esenciales que

afectaran la materia en lo sustantivo así como en materia de tiempo. 12 Manresa, 767, 81 Jur. Civ. 73.

"

"Entre las disposiciones transitorias del Código Civil Español (artículo 1976), la primera de ellas es como sigue:

" 'Se regirán por la legislación anterior al código los derechos nacidos, según ella, de hechos realizados bajo su régimen, aunque el código los regule de otro modo o no los reconozca.'

"Al resolver un caso muy parecido al de autos el Tribunal Supremo de España, en 1898, 83 Jur. Civ. 486, declaró, y citando el sumario, lo siguiente:

" 'Que según la ley 15, tít. 31, Partida 3ª., para la prescripción de las servidumbres discontinuas es menester que se haya usado de ellas tanto tiempo que no se puedan acordar los hombres, que es lo que le da el carácter inmemorial.

" 'Que tratándose de un derecho ya existente para la publicación del Código Civil vigente, procede aplicar la regla 1ª. del mismo, y haciéndolo así no se infringe el artículo 1939.' "

■ Cometió error manifiesto la corte inferior al dictar sentencia sobre las alegaciones declarando con lugar la demanda. También lo cometió al desestimar la contrademanda porque en ella se alega una causa de acción basada en el artículo 500 del Código Civil (ed. 1930), y la cual no procedía desestimar a base de la moción de sentencia sobre las alegaciones.

*Por lo expuesto, procede la revocación de la sentencia apelada, debiendo devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*