MERCEDES CABANILLAS, demandante, contrademandada y apelante, *v.* JOSÉ R. GELPÍ, demandado, contrademandante y apelado.

Núm. 9215.—*Sometido:* Febrero 15, 1946. *Resuelto:* Abril 24, 1946.

---

*José Sabater*, abogado de la apelante; *José Rosario Gelpí, pro se* y *Pedro Baigés Gómez*, abogado del apelado.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

La apelante radicó demanda de negatoria de servidumbre de paso. El apelado contestó alegando título a la servidumbre por uso inmemorial desde mucho antes del 1889. [1] La prueba demostró que ya en el 1870 los causantes del apelado venían usando la servidumbre, y que el apelado y sus causantes la han venido usando desde entonces. La corte inferior dictó sentencia declarando sin lugar la demanda, determinando que el apelado tiene título a la servidumbre por uso inmemorial, y condenando a la apelante al pago de $800 por concepto de honorarios de abogado.

Arguye la apelante que la corte erró al determinar que el apelado tiene título a la servidumbre por uso inmemorial, y al condenarla al pago de honorarios de abogado.

[1] Ya resolvimos en *Cabanillas* v. *Gelpí*, 61 D.P.R. 298 que la contestación planteaba una defensa suficiente.

La regla general, establecida en el artículo 475 del Código Civil (Ed. de 1930), es que la servidumbre de paso no puede adquirirse por prescripción. *Miner* v. *Irizarry*, 52 D.P.R. 206; *Nadal* v. *Muratti*, 34 D.P.R. 251; *Villodas* v. *Hartman & Co.*, 28 D.P.R. 787; *Díaz* v. *Vázquez*, 19 D.P.R. 1155; *Cividanes* v. *Amorós Hermanos*, 8 D.P.R. 589. Comoquiera que antes del año 1889, fecha en que vino a regir el Código Civil, podía adquirirse título a una servidumbre de paso por uso inmemorial, al amparo de la ley entonces vigente, o sea la Ley 15, título 31 de la Partida Tercera de las Leyes de Partida, la regla general que acabamos de reiterar no es aplicable a casos de uso inmemorial anterior al año 1889. *Stella* v. *Blasini*, 61 D.P.R. 372; *Cabanillas* v. *Gelpí*, 61 D.P.R. 298; *Nido & Cía.* v. *Albir Alicea*, 27 D.P.R. 34.

La apelante arguye que para que el uso inmemorial pueda servir de título a una servidumbre de paso, es preciso establecer que ya en el año 1889, al entrar en vigor el Código Civil, se había consolidado el derecho de servidumbre por prescripción inmemorial. Si así fuera, no hay duda de que la prueba del apelado es insuficiente para establecer el uso inmemorial, ya que el uso probado data solamente del año 1870, y esa época ciertamente no era inmemorial en el año 1889.

La contención de la apelante, sin embargo, está rebatida por los preceptos claros del artículo 1839 del Código Civil (Ed. de 1930) que reza así:

"La prescripción comenzada antes de la publicación de este código se regirá por las leyes anteriores del mismo; pero si, desde que fuere puesto en observancia, transcurriese todo el tiempo en él exigido para la prescripción, surtirá ésta su efecto, aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo."

No era necesario, pues, que el apelado demostrara que tenía ya título a la servidumbre en el 1889 por uso inmemorial. Bastaba establecer que el uso de la servidumbre comenzó antes de regir el Código en el 1889, para que, de acuerdo con el artículo que acabamos de copiar, fuera aplicable al caso

la ley vigente antes del Código. Así lo resolvimos tácitamente en *Stella* v. *Blasini,* supra, donde no se planteó ni discutió el punto que suscita la apelante, pero se resolvió que establecido el uso de una servidumbre de paso desde el año 1868 hasta una fecha posterior al 1937 se adquirió título prescriptivo a la servidumbre al amparo de la legislación vigente antes de regir el Código Civil. · Así se ha resuelto también por el Tribunal Supremo de España, interpretando el artículo 1939 del Código Español, igual al 1839 del nuestro, en.su sentencia de 7 de enero de 1920 (149 J. C. 36), que en lo pertinente dice:

. ''Aun en el supuesto de que la prescripción hubiese tan sólo principiado y no terminado durante la legislación anterior, tampoco podrían prosperar las alegaciones del recurrente, porque a tenor del artículo 1,939 del Código Civil, la prescripción comenzada antes de su publicación se regirá por las leyes anteriores al mismo; y siendo indudable que en el caso de autos había comenzado con anterioridad, necesario es concluir afirmando que la Sala, al aplicar la legislación antigua para resolver la ·cuestión relativa a la prescripción de las servidumbres obró acertadamente, debiendo, en su consecuencia, desestimarse la infracción de la disposición transitoria 1ª. del Código y de la ley 15, tit. XXXI, Partida 3ª., citadas ·en el primer motivo del recurso.''

En el caso de autos el apelado probó terminantemente que sus causantes comenzaron a usar la servidumbre de paso desde · mucho antes del 1889. La prescripción así comenzada se rige, de acuerdo con el artículo 1839 del Código Civil, por la ley 15, título 31 de la Partida Tercera. Aplicando esa ley, que dispone que la servidumbre de paso puede adquirirse por uso inmemorial, tenemos que el apelado ha probado, en el juicio celebrado en el año 1944, que ya la servidumbre venía usándose en el año 1870, presentando el testimonio de varios ancianos cuya memoria alcanza hasta esa época y que no pueden recordar cuando comenzó el uso. Quedó así establecido el uso inmemorial, según. lo define la ley citada, a saber, ''. . .tanto tiempo que non se puedan acordar los homes, quanto ha que

lo comenzaron a usar.'' No erró por lo tanto la corte al resolver que el apelado tiene título prescriptivo a la servidumbre de paso.

Convenimos con la apelante, sin embargo, en que erró la corte al estimar temeraria a la apelante y como consecuencia imponerle el pago de los honorarios del abogado del apelado. Como hemos visto, el caso gira en torno de una cuestión de derecho que no había sido expresamente resuelta en Puerto Rico, y en relación con la cual no hemos encontrado ni precedentes ni comentarios fuera de Puerto Rico con excepción de la sentencia del Tribunal Supremo de España de 7 de enero de 1920. No debe estimarse temeraria a la apelante por haber actuado a base de una apreciación de esa cuestión de derecho que ahora resulta errónea.

*Debe modificarse la sentencia apelada en el sentido de eliminar de la misma la disposición condenando a la apelante al pago de honorarios de abogado, y así modificada, confirmarse.*