Ramón G. Goyco y su esposa doña Dionisia Arabía de Goyco, demandantes y apelantes, *v.* The Royal Bank of Canada, demandada y apelada.

No. 4099.—*Visto:* Abril 27, 1927. *Resuelto:* Julio 26, 1927.

1. Sentencia—En Casos Contenciosos—Rendición, Forma y Requisitos en General—Necesidad de que Determinen las Cuestiones Litigiosas *(Issues).*—Una sentencia dictada sin mediar juicio sobre las cuestiones de hecho levantadas por la contestación es inexistente.

2. LETRAS Y PAGARÉS *(Bills and Notes)*—CUESTIONES LITIGIOSAS *(Issues)* Y PRUEBAS—EVIDENCIA SOBRE CUESTIONES LEVANTADAS POR NEGATIVA GENERAL.—Presentada acción en cobro de un pagaré transcrito en la demanda y admitidos la autenticidad y el otorgamiento del documento mediante una negativa pero no los hechos relativos al no pago del documento, el demandante puede demostrar el pago del pagaré y tiene derecho a ser oído sobre tal cuestión u otras necesariamente levantadas por la negativa general.

3. SENTENCIA—ATAQUE COLATERAL—SENTENCIAS QUE PUEDEN ATACARSE COLATERALMENTE—SENTENCIA SOBRE LAS ALEGACIONES—SENTENCIA SIN JUICIO SOBRE CUESTIONES LEVANTADAS POR NEGATIVA GENERAL.—Cuando un demandado levanta de hecho cuestiones mediante una negativa general y sin oírsele en juicio sobre tales cuestiones se dicta sentencia sobre ellas, la sentencia puede ser atacada colateralmente.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), desestimando la demanda, con costas y honorarios de abogado. *Anulada la sentencia* y procedimientos subsiguientes, devolviéndose el caso.

*R. Arjona Siaca,* abogado de los apelantes; *Alberto S. Poventud,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 31 de octubre de 1924, The Royal Bank of Canada entabló acción sobre un pagaré contra Ramón G. Goyco y Dionisia y Elisa Arabía de Goyco mancomunadamente, por la suma de $700 e intereses. El pagaré fué transcrito en la demanda, y después de varios incidentes preliminares los demandados radicaron una contestación general no jurada, negando todos los hechos de la demanda. El demandante pidió y obtuvo sentencia sobre las alegaciones en 30 de marzo de 1925. Los demandados trataron de apelar de la sentencia pero por razones de procedimiento no pudieron obtener que esta corte revisara el caso. Los hechos están más detalladamente expuestos en el caso de *The Royal Bank of Canada* v. *Goyco,* 34 D.P.R. 521, resuelto en julio 22, 1925, y en la decisión *per curiam* de esta corte, 35 D. P.R. 1056.

El presente pleito tiene por objeto que se deje sin efecto la sentencia de marzo 30, 1925. La teoría es que dicha sentencia es nula y puede por consiguiente ser atacada colateralmente. Volvamos atrás para decir que la sentencia de marzo 30, 1925, fué obtenida porque el banco demandante

sostuvo con éxito que la contestación general de los entonces demandados admitía los hechos de la demanda, descansando en el artículo 119 del Código de Enjuiciamiento Civil, que dice como sigue:

"Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o éste vaya unido a ella, la autenticidad y otorgamiento en forma de dicho documento se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad."

Los aquí demandantes con mucha razón sostienen que aunque la autenticidad y otorgamiento de un documento sean admitidos, ninguna de las otras alegaciones de la demanda han sido admitidas. Entre los hechos no admitidos está el que se refiere al pago del documento o bajo ciertas circunstancias, a su entrega. Un demandado, a pesar de los términos del artículo 119, podría siempre demostrar que había satisfecho un pagaré, y tiene derecho a ser oído en cuanto a esa cuestión necesariamente levantada por una negativa general, y también, según hemos indicado, en cuanto a la cuestión de la entrega.

Cuando la presente acción fué establecida el banco demandado, junto con otras supuestas defensas, levantó la de *res adjudicata* o de impedimento por sentencia anterior (*estoppel by the former judgment*). Se ha levantado alguna cuestión en cuanto a si las anteriores actuaciones de los ahora demandantes atacando la sentencia no son por sí solas suficientes para causarles un impedimento. Los entonces demandados apelaron o trataron de apelar, se opusieron a la condena de costas e hicieron varias comparecencias. Durante todo este tiempo, sin embargo, su contestación general estaba archivada en la corte. Las únicas cuestiones ante nosotros en este respecto son si la sentencia de marzo 30, 1925, es de tal modo nula que los demandados pueden atacarla colateralmente. Si la sentencia es inexistente, es nula en todo tiempo.

Incidentalmente podemos decir que los entonces demandados en cualquier tiempo hubieran podido radicar una moción en el pleito anterior para dejar sin efecto la sentencia, si era inexistente. Una sentencia nula, no existiendo otro impedimento, puede ser atacada directamente en cualquier tiempo. Los entonces demandados a nada renunciaron por dejar pasar el tiempo.

[1, 2, 3] La verdadera cuestión es si la sentencia era inexistente o no y no vemos manera de evadir la conclusión de que lo era. Después de levantada una cuestión por la contestación los demandados tienen derecho a un juicio sobre los hechos no admitidos. Una sentencia sobre las únicas cuestiones envueltas, dictada sin mediar un juicio, es inexistente. Artículos 195 y siguientes del Código de Enjuiciamiento Civil; *Windsor* v. *McVeigh,* 93 U. S. 274; *Reynolds* v. *Stockton,* 140 U. S. 254; *Johnson* v. *McKinnon,* 13 L.R.A. (N. S.), 874; *Zayas Vázquez et al.* v. *Registrador de Guayama,* 36 D.P.R. 785; *Ex parte Thomas,* 12 D. P.R. 367; 15 R.C.L. 604, y siguientes. Las autoridades citadas por el apelado al efecto de que una sentencia no puede ser atacada colateralmente levantando ningún hecho que fué o pudo haber sido levantado en el pleito original no tienen eficacia en este caso. El punto es que de hecho se levantaron defensas mediante la negativa general en el caso anterior.

Siendo nula la sentencia por falta de un juicio sobre las cuestiones levantadas, no puede sostenerse. Por lo tanto, la sentencia sobre las alegaciones, dictada en marzo 30, 1925, debe ser anulada y dictarse sentencia en tal sentido en este pleito. La sentencia en el pleito anterior, por quedar anulada, dejará a las partes en el derecho de seguir adelante con los procedimientos en dicho pleito anterior.

*La sentencia de marzo 30, 1925, y todos los procedimientos posteriores sobre ejecución de la misma, quedarán anulados y el caso será devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*