MANUEL SEOANE SAN MARTÍN, demandante y apelado, *v.* FERNANDO J. CORTÉS, demandado y apelante.

No. 4710.—*Sometido:* Marzo 19, 1929. *Resuelto:* Julio 26, 1929.

74

*O. B. Frazer* y *Castro Fernández,* abogados del apelante; *F. Soto Gras,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal. ██ El apelante insiste en que en la demanda en cobro de pagaré dejó de expresarse la entrega del mismo. Se presentó una excepción previa a la demanda. El artículo 119 del Código de Enjuiciamiento Civil dice así:

"Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenti-

cidad y otorgamiento en forma de dicho documento se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad.''

El artículo 80 de la Ley de Evidencia lee como sigue:

"El otorgamiento de un documento consiste en suscribirlo y entregarlo con o sin la fijación de un sello.''

Por tanto, si no se niega bajo juramento el otorgamiento de un documento, se admite su entrega.

No estábamos considerando el artículo 80 de la Ley de Evidencia cuando escribimos la opinión en el caso de *Goyco et al.* v. *The Royal Bank of Canada,* 37 D.P.R. 364, pero allí la cuestión de entrega no estaba envuelta directamente, y todo lo que en dicho caso se dijo acerca de la no admisión de la entrega del documento es un mero *obiter* y no puede seguirse.

Entendemos que el artículo 119, *supra,* quiere decir que cuando el pleito se basa en un documento que se copia en la demanda, tal inserción equivale a la alegación de que el documento ha sido otorgado en forma, según indica dicho artículo, y, por tanto, que las cuestiones relativas al no otorgamiento no pueden ser levantadas mediante excepción previa, sino que deben suscitarse por medio de contestación jurada.

■ Salvador Suau fué juramentado durante el juicio y declaró, con la oposición de la parte contraria, que él era el apoderado del demandante. La declaración de este testigo tendió a demostrar varias cuestiones relativas al pagaré en que se basaba la demanda. De ser en absoluto esencial que el testigo demostrara que él era apoderado del demandante a fin de revelar la fuente de su información, la manifestación verbal relativa a la existencia de la relación de agente y principal probablemente era suficiente. De todos modos, fuera apoderado o no, el testigo sólo podía declarar respecto a cuestiones que fueran de su conocimiento.

El declaró además que el poder escrito no estaba en su posesión y que se hallaba en manos del registrador de la pro-

piedad. Si podía entonces admitirse o no evidencia secundaria, es una cuestión interesante. No resolvemos que se cometiera ningún error, pero de haberse cometido, no fué perjudicial.

Tampoco fué error perjudicial permitir que el mismo testigo Suau hablara acerca de una conversación que tuvo en España con el demandante respecto a la continuada existencia de la deuda. Existía un caso *prima facie* sin que se presentara tal prueba.

Como el peso de la prueba relativa al pago recae sobre el demandado, cualesquiera manifestaciones con respecto a la falta de pago, aun siendo de referencia, no fueron perjudiciales en este caso. Podría ser lo contrario si el demandado tratara positivamente de probar el pago. El no trató de hacer tal cosa, sino que descansó en la supuesta falta por parte del demandante de probar su caso, y presentó una moción de *non suit*.

Si bien es cierto que la falta de pago debe ser alegada en una demanda, cuando se hace esto, como en el presente caso, incumbe al demandado probar el pago.

Las consideraciones que anteceden abarcan suficientemente los primeros cinco señalamientos de error, exceptuando una cuestión.

Esta se refiere al hecho de que el pagaré no tenía fecha de vencimiento. La corte inferior reconoció este hecho y concedió al demandado sesenta días a partir de la sentencia para satisfacer el pagaré. El apelante arguye que la demanda fué radicada prematuramente, toda vez que el término para efectuar el pago debió ser fijado por la corte antes de que surgiera cualquier causa de acción. El apelado dice que a un pagaré a la vista, como el envuelto en el presente caso, no es necesario fijarle fecha de vencimiento, pero que accedió a la actuación de la corte al fijarla. No estamos del todo convencidos de que la posición del apelado no sea correcta, pero si el pago debe ser mencionado por la corte, entonces surge una causa de acción tanto para recobrar el im-

porte de la deuda cuanto para determinar su fecha de pago. Véase para un razonamiento similar el caso de *Nicorelli* v. *López & Compañía*, 26 D.P.R. 55.

■ Si el apelante hubiera admitido la deuda y pedido tiempo solamente, podríamos convenir en que no debían imponérsele las costas. Como negó la deuda, creemos que la discreción de la corte al condenar al demandado al pago de costas no fué ejercida indebidamente.

*Debe confirmarse la sentencia apelada.*