Freiría Hermanos & Cía., S. en C., demandante y apelada, *v.* Miguel Nogueras, demandado y apelante.

No. 4303.—*Sometido:* Febrero 26, 1929. *Resuelto:* Junio 19, 1930.

*Miguel Marcos,* abogado del apelante; *J. Martínez Dávila* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La mercantil que gira en esta plaza con el nombre de Freiría Hermanos & Cía., S. en C., como cesionaria y liquidadora de otras dos mercantiles que hicieron negocios en esta ciudad con los nombres de Freiría Hermanos, S. en C., y de Freiría & Cía., S. en C., demandó en 29 de enero de 1926 a Miguel Nogueras en cobro del saldo de una cuenta corriente que tuvo con Freiría Hermanos, S. en C., y en cobro también de una obligación reconocida en pagaré suscrito por Miguel Nogueras a favor de la otra mercantil, Freiría & Cía., S. en C., cuya fecha de pago fué fijada para el 30 de junio, 1922. La demanda fué enmendada dos veces.

El demandado no negó bajo juramento en su contestación la autenticidad del pagaré copiado en la demanda y por el contrario aceptó en ella haber firmado el pagaré, pero negó los demás particulares de la demanda y alegó como defensas que ambas causas de acción están prescritas por el transcurso de tres años sin haber sido ejercitadas esas acciones.

Celebrado el juicio recayó sentencia condenando al demandado a pagar la cantidad reclamada en la demanda y las costas, contra cuyo fallo interpuso esta apelación.

Dè la prueba presentada en el juicio por la demandante aparece que al disolverse las dos expresadas mercantiles por escrituras públicas de mayo de 1925, en cada una de ellas fué

nombrada liquidadora la demandante; que la cuenta corriente entre Miguel Nogueras y Freiría Hermanos, S. en C., empezó en julio 29, 1920, siendo cargada la última factura en marzo 18, 1921; que el demandado reconoció en el juicio como suya una carta de 12 de enero, 1922, suscrita a su solo nombre, de la que aparece ser comerciante, en la cual pidió a Freiría Hermanos, S. en C., que le prorrogara por dos años el pago de su deuda con ella; que tanto la mercantil acreedora como la demandante han hecho gestiones de cobro después de transcurridos los dos años de la prórroga; y que esa deuda no ha sido pagada. En cuanto al pagaré aparece que cinco meses antes de su vencimiento, el demandado solicitó de su acreedora Freiría & Cía., S. en C., en 12 de enero de 1922, en carta suscrita a su solo nombre como comerciante y reconocida por él en el juicio, que le prorrogara su deuda por dos años; y que transcurridos esos dos años la acreedora hasta su disolución en mayo de 1925 y la demandante después hicieron gestiones para el cobro de esa deuda con resultado negativo.

A pesar de que el demandado aceptó en su contestación haber suscrito el pagaré copiado en la demanda, alega en esta apelación que no se probó que fuera entregado a su acreedora, pero en el caso de *Seoane* v. *Cortés,* 40 D.P.R. 73, hemos declarado que al reconocerse la autenticidad de una obligación que se transcribe en la demanda su entrega queda admitida.

La cuestión en que más insiste el apelante es que él nunca ha sido comerciante a su solo nombre sino que era uno de los socios de la firma comercial M. Nogueras & Cía.; que las dos cartas solicitando prórroga son de la firma social M. Nogueras & Cía., y que él nada debe personalmente a las mercantiles Freiría Hermanos, S. en C., y Freiría & Cía., S. en C.

El demandado reconoció en el juicio que la mercantil M. Nogueras & Cía., no se constituyó por escritura pública, por lo que no fué inscrita en el registro mercantil; y como el

Código de Comercio exige en su artículo 119 que toda compañía de comercio, antes de dar principio a sus operaciones, deberá hacer constar su constitución, pactos y condiciones en escritura pública que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 17, el que dispone que la inscripción en el registro mercantil será obligatoria para las sociedades que se constituyan con· arreglo al Código de Comercio o a leyes especiales, si existió la sociedad mercantil M. Nogueras & Cía., tal hecho no puede perjudicar a las acreedoras de Miguel Nogueras por no haber hecho constar su constitución como requiere la ley y porqué el demandado en sus cartas a esas mercantiles solicitando prórroga para el pago, las firmó a su solo nombre, sin que su declaración de la existencia de esa mercantil en Cayey y la presentación de un libro comercial que está a nombre de M. Nogueras & Cía. pueda destruir el hecho de haber tratado el apelante a su solo nombre con sus dos acreedoras.

■ También sostiene el apelante en su alegato que la acción en cobro de cuenta corriente está prescrita por el transcurso de tres años, de acuerdo con el artículo 1868, No. 4, del Código Civil; y que asimismo ha prescrito por el transcurso de igual número de años la acción para el cobro del pagaré, de conformidad con el artículo 950 del Código de Comercio; pero no tenemos necesidad de decidir esas dos cuestiones porque habiendo reconocido el apelante como suyas las dos cartas de enero 12, 1922, en que solicitó de las mercantiles Freiría Hermanos, S. en C., y Freiría & Cía., S. en C., que le prorrogaran su deuda para con ellas por dos años, prórrogas que le fueron concedidas como se infiere del hecho de que no la pagó en ese tiempo ni le fué cobrada en él, resulta que vencidas las prórrogas en 12 de enero de 1924, cuando fué presentada la demanda en 29 de enero de 1926 no habían transcurrido los tres años que el apelante alega como término de prescripción.

■ También dice el apelante que no se probó que la demandante sea cesionaria de las dos mercantiles a que venimos

refiriéndonos, pero, sea de esto lo que fuere, se probó con las escrituras públicas de disolución de esas dos sociedades que ellas nombraron liquidadora a la mercantil demandante y apelada, y según el artículo 228 del Código de Comercio los liquidadores de una sociedad mercantil pueden percibir los créditos de la compañía en liquidación.

Expone el apelante que no era admisible la escritura por la cual la mercantil Freiría Hermanos, S. en C., nombró liquidadora a la demandante por ser impertinente ya que los conceptos de liquidadora y de cesionaria son distintos; pero nos bastará decir que el apelante alega que no se probó que hubiera cesión y que nosotros fundamos nuestra decisión en que la demandante es liquidadora.

En cuanto a que tampoco era admisible un libro de la mercantil Freiría Hermanos, S. en C., llevados en hojas sueltas, hemos resuelto lo contrario en el caso de *The Porto Rican American Tobacco Co.* v. *Canel*, 32 D.P.R. 553, y por consiguiente era admisible también el estado de cuentas que se copió de ese libro.

Otras cuestiones propuestas sobre no producir efecto en juicio una certificación que se presentó librada por un secretario municipal, sobre si un perito calígrafo y dactilógrafo no fué cualificado debidamente para declarar como tal, así como si el documento que le sirvió para hacer el cotejo de letras de una carta no era el requerido por la ley, no es necesario que la decidamos porque no son tenidas en cuenta para la conclusión a que hemos llegado *de que la sentencia apelada debe ser confirmada, sin cambiar la condena en costas porque fueron bien impuestas.*