Armando A. Miranda, recurrente, v. El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

No. 891.—*Sometido:* Julio 5, 1933. *Resuelto:* Julio 14, 1933.

*Armando A. Miranda,* abogado del peticionario; el registrador recurrido no compareció.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En un pleito seguido por el abogado Armando A. Miranda contra los herederos desconocidos de Rufino Alicea Erazo embargó el márshal el derecho que los demandados o su causante tengan en la finca No. 236 del tomo 5 de Bayamón, folio 214, inscripción séptima, y el registrador lo anotó en cuanto a la mención de hipoteca por $1,200 hecha en el registro a favor de Rufino Alicea. Para cumplimentar la sentencia condenatoria dictada en ese pleito el márshal vendió y adjudicó al demandante el derecho que los demandados tuvieran en esa finca y otorgó la correspondiente escritura que el registrador se negó a inscribir porque Rufino Alicea Erazo sólo tiene mencionado a su favor un derecho de hipoteca según la inscripción octava.

Contra esa negativa de inscripción se interpuso este recurso.

El único motivo alegado para que revoquemos esa negativa de inscripción es el artículo 29 de la Ley Hipotecaria, que dice así:

"El dominio o cualquier otro derecho real que se mencione expresamente en las inscripciones o anotaciones preventivas, aunque no esté consignado en el Registro por medio de una inscripción separada y especial, surtirá efecto contra tercero desde la fecha del asiento de presentación del título respectivo.

"Lo dispuesto en el párrafo anterior se entenderá sin perjuicio de la obligación de inscribir especialmente los referidos derechos, y de la responsabilidad en que pueda incurrir la persona que en casos determinados deba pedir la inscripción."

Ese precepto no tiene aplicación al caso presente pues no dice que la mención de un derecho pueda ser inscrita a favor de otra persona que adquiera el derecho mencionado sino que la mención en el registro del dominio o de cualquier derecho real perjudica a tercero. Por el contrario, su párrafo segundo dispone que lo declarado en el primero se entenderá sin perjuicio de la obligación de inscribir especialmente el referido derecho. El artículo 29 limita los efectos de la mención a que perjudica a tercero, impidiéndole que pueda alegar ignorancia, siendo ése su único efecto como lo revelan con claridad las palabras del párrafo primero y confirman las del segundo, que requiere la obligación de inscribir especialmente los referidos derechos. Galindo, tomo 2, página 311. Por consiguiente, es necesaria la inscripción del derecho mencionado cuando haya que presentar el título en los tribunales para hacer valer algún derecho y cuando se quiera enajenarlo o gravarlo, porque ese artículo no tiene por objeto equiparar la mención de un derecho a su inscripción. La mención es una mera noticia que hace el registrador de la existencia de un derecho no inscrito. Es el aviso de un derecho pero no la creación de un derecho que ya existe, aunque no está inscrito, por lo que no está comprendido entre los títulos que pueden ser inscritos según el Artículo 2 de la Ley Hipotecaria. El registrador estuvo en lo cierto al negarse a inscribir la escritura que motiva este recurso.

*La nota recurrida debe ser confirmada.*