Charles E. Miner, demandante y apelado, *v.* Bernabé Irizarry, demandado y apelante.

Núm. 7222.—*Sometido:* Mayo 27, 1937. *Resuelto:* Noviembre 2, 1937.

*José Sabater*, abogado del apelante; *J. Alemañy Sosa*, abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El presente es un pleito sobre negatoria de servidumbre decidido por la Corte de Distrito de Mayagüez en favor del demandante. El demandado apeló y señala en su alegato la comisión de siete errores que pueden reducirse a tres, a saber, equivocada apreciación de la prueba e interpretación y aplicación errónea de los artículos 475 y 503 del Código Civil (ed. de 1930) y de la jurisprudencia aplicable a los mismos.

Son hechos admitidos por ambas partes que el demandante es dueño de una finca rústica radicada en el barrio de Montoso, de Mayagüez; que el demandado es dueño de otra finca rústica que colinda con la del demandante; que ambas fincas proceden de una antigua hacienda de café, y que las dos se encuentran inscritas en el registro de la propiedad sin que en las inscripciones aparezca mencionada la servidumbre de paso en cuestión.

El demandado basa su alegado derecho a la servidumbre en la existencia desde tiempo inmemorial de un camino que partiendo de la carretera cruza por la finca del demandante y sigue por la del demandado hasta llegar a los establecimientos de la vieja hacienda de café y en que al dividirse la hacienda entre los herederos de su dueño la porción adjudicada al demandado quedó enclavada entre las otras teniendo por salida el camino indicado, no existiendo pacto entre los herederos con respecto a que no se siguiera usando dicho camino por el demandado. Este es uno de los herederos y el demandante trae causa de otro.

Para sostener sus respectivas pretensiones una y otra parte presentaron evidencia de documentos y testigos. Basándose en el resultado de la misma, la corte sentenciadora dió la razón al demandante y declaró que su finca estaba libre de servidumbre de acuerdo con los hechos y la ley. Reconoció que el demandado venía pasando por dentro de la finca del demandante por un camino privado que en la misma existe, pero concluyó que ello se debía a la mera tolerancia del demandante, concluyendo además que el demandado no alegó ni probó la prescripción por tiempo inmemorial con anterioridad al año 1890, ni demostró que le fuera aplicable la regla del artículo 504 del Código Civil.

El demandado y apelante no ha colocado a esta Corte en las mismas condiciones en que se encontraba la de distrito al examinar y pesar la evidencia, porque dejó de archivar con la transcripción ciertos planos y fotografías que presentó

el demandante y que se convino que se elevarían originales en caso de apelación.

Eso no obstante hemos examinado la transcripción y creemos que la prueba que contiene sostiene las conclusiones del tribunal sentenciador.

■ En primer lugar dicha prueba es manifiestamente insuficiente para demostrar una servidumbre de paso adquirida por el uso de tiempo inmemorial con anterioridad a la vigencia del Código Civil Español hecho extensivo a Puerto Rico por Real Decreto de 31 de julio de 1889, y ello hubiera sido necesario para que la posición asumida por el demandado hubiera podido sostenerse de conformidad con la ley y con lo resuelto repetidamente por esta Corte Suprema. Artículo 475 del Código Civil revisado (ed. de 1930), que es el mismo artículo 439 del antiguo; *Nadal* v. *Muratti*, 34 D.P.R. 251; *Trujillo* v. *López*, 45 D.P.R. 815; *González* v. *Plazuela Sugar Co.*, 42 D.P.R. 701; *Martínez* v. *Central Cambalache*, 48 D.P.R. 216 y *Picón* v. *Central Cambalache*, 48 D.P.R. 510.

■■ Y en segundo lugar tampoco demuestra dicha prueba que el demandado se encuentre en el caso del artículo 503 del Código Civil (ed. de 1930).

Prescribe dicho artículo:

"Artículo 503.—Si adquirida una finca por venta, permuta o partición, quedare enclavada entre otras del vendedor, permutante o copartícipe, éstos están obligados a dar paso sin indemnización, salvo pacto en contrario."

Y las razones que tuvo la corte sentenciadora para no aplicarlo fueron, según constan de su opinión, las que siguen:

"En cuanto a la otra defensa alegada en la contestación de que la finca del demandado que se adjudicó en la partición de los bienes quedaba enclavada entre las otras parcelas adjudicadas, sin pacto de que no pudiera utilizar el camino de la parcela que pertenece hoy al demandante, tampoco procede, porque estando dicha finca cruzada por una carretera insular, sin alegarse ni probarse que su colindancia con la misma es inaccesible, no está incomunicada. Aunque la parcela que se le hubiera adjudicado al demandado en la partición

hubiera quedado enclavada entre otras, si después la unió a otra contigua a camino público, no hubiera tenido tampoco derecho a exigir paso por otro predio de los que constituían la comunidad. Art. 504 del Código Civil (ed. de 1930). Además, que la obligación establecida por el art. 503 del Código Civil (ed. de 1930), de dar paso sin indemnización, se refiere al vendedor, permutante o copartícipe y no a un tercero, como es en este caso ·el demandante. El· uso de otro camino de muchas mejores condiciones, que comunica los establecimientos con la carretera y con el cual limita la finca del demandado en casi toda su extensión, también coloca este caso fuera de las disposiciones de la ley sobre el derecho al paso por predios vecinos.''

La evidencia demostró en efecto que la finca del demandado colindaba con la carretera y era al propio demandado al que correspondía probar que no obstante ser ello así la condición del terreno era tal que no permitía la salida y no lo hizo.

Los hechos del caso de la Corte Suprema de España que dicho demandado invoca son distintos a los del presente. Allí se demostró que la finca no tenía salida, como se hizo constar en el considerando de la sentencia que dice:

''Considerando que la acción negatoria de servidumbre, cuando se ejercita como en el caso del presente recurso, para que se declare que los lotes o porciones de terreno de que es dueño el actor están libres de toda servidumbre, obliga para su éxito a que resulte y aparezca dicha libertad, y como los demandados han probado, siendo además un hecho reconocido por ambas partes litigantes, que sus fincas o lotes respectivos quedaron enclavados entre otras del actor cuando se hizo la división y adjudicación de la totalidad de la hacienda poseída antes en común, sin salida a camino público ni privado, con imposibilidad de ser laboreadas y aprovechadas, es claro que dichos demandados han podido alegar a su vez en este pleito el derecho del art. 567 del Código para afirmar, contra lo pretendido por el demandante, la existencia de la servidumbre de paso.''

Y a mayor abundamiento la evidencia demostró la existencia de otro camino afirmado por el que pueden pasar automóviles que conduce a los establecimientos de la vieja ha-

cienda y da salida a la finca del demandado sin que éste demostrara que le estuviese prohibido su uso.

■ Es cierto que de la evidencia surge el hecho de que cuando la hacienda existía se pasaba por el sitio que indica el demandado para llegar a sus establecimientos y el de que el demandado después de dividida la hacienda continuó pasando por dentro de la porción que hoy pertenece al demandante sin que éste se opusiera, pero tales hechos con las características que de igual modo de la evidencia surgen, no pueden servir de base a la declaración judicial de la existencia de una servidumbre de paso. Como se dijo en el caso de *Nadal* v. *Muratti*, 34 D.P.R. 251, 257:

"... El hecho del paso por mera tolerancia se repite constantemente en las fincas de Puerto Rico. Las crecientes de ríos y quebradas, el mal estado de ciertos caminos vecinales, los atrechos, las amistades, el establecimiento de escuelas y comercios en determinados sitios, el temor de provocar conflictos o disgustos, el deseo de favorecer a los convecinos acortando distancias y facilitando el tráfico, y otras muchas circunstancias podrían señalarse como causa para ello. Seguramente fué una situación semejante y la idea de dar fijeza y certidumbre a un derecho para uno y a un gravamen para otro de tal importancia, la que obligó al legislador español a variar la ley y al legislador puertorriqueño a no alterar la variación. Así el paso que meramente se permite subsiste generalmente mientras de él no se abusa, como las pruebas demuestran que se abusó en este caso. Y así cuando se desea obtener un derecho absoluto y para siempre, se sabe que hay que ir al contrato, a la adquisición del derecho mediante la compensación apropiada, garantizando la ley hipotecaria por medio de la inscripción el derecho que se adquiera en cuanto a terceros. A partir del 1890 las situaciones vagas, indefinidas en esta clase de servidumbres, desaparecieron en Puerto Rico."

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.