JOSÉ BENET COLÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1172.—*Sometido:* Noviembre 5, 1945. *Resuelto:* Diciembre 14, 1945.

*José Benet Colón, pro se;* el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

José Benet Colón, dueño de un solar en Hato Rey, compró una parte de otro solar colindante a don Ignacio Delgado y lo agrupó para formar una sola finca. Con el fin de inscribir la segregación y agrupación los Sres. Delgado y Benet acudieron a la Junta de Planificación solicitando el permiso correspondiente para poder inscribir. La Junta aprobó el Informe L-55 titulado ''Aprobación de mera segregación en la Carretera Militar entre Hato Rey y Río Piedras'' de febrero 23 del año 1945 y que, en lo pertinente, dice así:

"Tratándose de el mejoramiento de la conformación de un solar, sin perjudicar el área ni la conformación del solar de que se hace la segregación, le es aplicable a este caso las disposiciones del artículo 13 del Reglamento de Lotificación, según enmendado.

"Esta Junta no quiere dejar de informar que el Plano Regulador de Vías Públicas Principales para el Area Metropolitana de San Juan ya adoptado por esta Junta, *incluye* una vía llamada en dicho documento, Carretera Express, Ramal Sur, y *que se proyecta* por la sección en que radican los solares objeto de esta lotificación. Aun cuando hasta esta fecha *no se ha levantado el plano que localiza en forma precisa la servidumbre de paso que será necesaria para dicha vía,* esta Junta *recomienda* que antes de levantarse construcción alguna en los primeros 26 metros de estos solares, o sea entre la actual carretera militar y el fondo de dichos predios, se consulten los estudios o planos sobre el particular.

"A virtud de lo dispuesto en el artículo 13 del Reglamento de Lotificación, según enmendado, por la presente la Junta de Planificación, Urbanización y Zonificación de Puerto Rico APRUEBA la antes referida lotificación, *Dispensándose* la misma de la presentación de un Plano de Inscripción.

"Copia de esta resolución deberá ser presentada por la parte interesada al Registrador de la Propiedad correspondiente, para que dicho funcionario pueda *inscribir esta lotificación sin que sea necesaria la presentación de un Plano de Inscripción.*" (Bastardillas nuestras.)

Presentada al Registrador de la Propiedad para su inscripción la escritura de segregación, compraventa y agrupación, el Registrador la inscribió pero hizo constar que con vista de la certificación de la Junta de Planificación "queda dicha finca sujeta a . . . mención de *proyectos de servidumbre* de paso para una carretera pública *aún en estudio* por la Junta de Planificación de Puerto Rico." (Bastardillas nuestras.)

Solicitada por el Sr. Benet la cancelación de la mención de servidumbre, el Registrador la denegó haciendo constar que el informe aprobado por la Junta de Planificación "*surte el efecto de una mención de servidumbre* ya que dicha Junta está debidamente autorizada para ello de acuerdo con la

Ley núm. 155 aprobada el 14 de mayo de 1943 (pág. 489) y el Reglamento aprobado el 5 de septiembre de 1944.'' (Bastardillas nuestras.)

El Sr. Benet estableció el presente recurso y solicita se ordene la cancelación de la mención de servidumbre y arguye que tal gravamen no ha sido nunca constituído ya que el informe aprobado por la Junta de Planificación no tuvo el efecto de constituir tal gravamen y si ésa fué su intención, el mismo sería ilegal.

El Registrador recurrido, por su parte, arguye que, de acuerdo con los artículos 8 y 9 de la Ley de Planificación, Urbanización y Zonificación de Puerto Rico, según quedaron enmendados por la Ley núm. 155 aprobada el 14 de mayo de 1943,(¹) la Junta de Planificación tiene poder para ''subordinar la aprobación de una lotificación a que la propiedad quede *presuntivamente* sujeta, en parte, al paso de un ramal de carretera'' y que el Registrador está obligado a hacer constar en la inscripción esa condición de acuerdo con los artículos 9 y 15 de la Ley Hipotecaria y su Reglamento, respectivamente. (Bastardillas nuestras.)

La cuestión a resolver nos parece sencilla. ¿Tiene la mera recomendación incluída en el informe aprobado por la

---

(¹) Estos artículos leen así:

''Artículo 8.—*Plano Regulador.*—La Junta preparará y adoptará un Plano Regulador, el cual indicará, con cualesquier mapas, cartas y material explicativo que le acompañen, las *recomendaciones* de la Junta para el desarrollo de Puerto Rico y podrá incluir la *ubicación, naturaleza* y *extensión* generales de los terrenos, minerales, aguas, vegetación y vida animal, *su utilización actual y su posible utilización futura* para minas, fuerza, riego, control de inundaciones, navegación, avenamiento, usos industriales y domésticos del agua, pesquería, recreo y bienestar general; y de las instalaciones y operaciones de utilidad pública, residenciales, comerciales, recreativas, manufactureras, *de transporte*, de comunicación, institucionales, gubernamentales y por cualesquiera categorías convenientes, y su posible futura utilización y desarrollo para estos u otros fines y para el bienestar general.

''La Junta incluirá en su Plano Regulador las áreas urbanas, suburbanas y rurales de la Isla, pero el Plano Regulador de Puerto Rico no será necesario que incluya recursos, usos o instalaciones menores que sean de naturaleza estrictamente local. La Junta podrá adoptar el Plano Regulador ·en su totalidad

Junta de Planificación el efecto de autorizar al Registrador a hacer constar en la inscripción recurrida una mención de servidumbre sobre la propiedad del recurrente? En nuestra opinión la pregunta debe contestarse en la negativa.

Si bien los artículos 8 y 9 de la Ley de Planificación, Urbanización y Zonificación de Puerto Rico, supra, conceden a la Junta de Planificación poder para adoptar un "Plano Regulador" y "Planos de Urbanización, de Zonificación y de Uso de Terrenos," no son dichos artículos los aplicables, por sí solos, a la situación que confrontamos, sino que también es aplicable el artículo 11 de dicha Ley, el cual dispone lo siguiente:

"Plano o Mapa de Carreteras y Calles Futuras.—Preparación de un Mapa Oficial.—La junta podrá hacer, o solicitar que el Departamento del Interior haga, con fondos de su propia asignación debidamente transferidos para este fin, *trazados para establecer con exactitud las líneas de carreteras y calles nuevas, ampliadas, o ensanchadas, de Puerto Rico, y recomendar al Consejo Ejecutivo, para su adopción, un plano o planos indicando la posición exacta de los trazados de futuras carreteras y calles.* Para conveniencia e información general, la junta podrá establecer de la misma manera un mapa oficial de la Isla. En el mapa oficial se indicará:

---

o por partes y podrá enmendarlo, extenderlo. o precisarlo en total, o cualquier parte del mismo. La Junta podrá preparar a su discreción, un Plano Regulador separado para posible y aconsejable desarrollo de cualquier municipio o su área urbana, el que podrá incluir los recursos, usos o instalaciones que no estén incluídos en el Plano Regulador de la Isla, a menos que de otro modo se disponga en el artículo 27.

"Artículo 9.—*Reglamentos de Zonificación.*—Basándose en la totalidad o en parte del plano regulador, hasta donde haya sido adoptado por la Junta, la Junta adoptará reglamentos estableciendo por distritos o zonas el uso y desarrollo de los terrenos y edificios públicos y privados, para tales fines como: industria, comercio, *transporte*, residencia, actividades cívicas y públicas o semi-públicas, y recreo; y para edificios, incluyendo la altura y extensión de los edificios; densidad de la población; rótulos comerciales y de anuncios, en relación con los cuales podrán adoptarse restricciones sobre factores tales como el tamaño y la proyección hacia la calle; proporción del solar en que podrá construirse; y los tamaños de los solares, patios y demás espacios abiertos; Disponiéndose, sin embargo, que los reglamentos de zonificación adoptados según se dispone por la presente, serán aplicables a las áreas urbanas solamente." (Bastardillas nuestras.)

‘‘(a) Todas las carreteras y calles existentes y declaradas por ley como carreteras o calles públicas en la fecha de adopción del mapa oficial,

‘‘(b) Posición de toda carretera o calle que figure en los mapas de subdivisiones registrados, aprobados por la junta de acuerdo con las disposiciones de los artículos 10 y 24 de esta Ley;

‘‘(c) Todo mapa del trazado de carreteras y calles aprobado por el Consejo Ejecutivo de acuerdo con las disposiciones de este artículo y del artículo 19 de esta Ley.(²)   La preparación o adopción de uno cualquiera de tales mapas, o la adopción de un mapa oficial, *no determinará de por sí la construcción de ninguna carretera o calle, ni la expropiación o aceptación de terrenos para tales fines de carreteras o calles.*   (Bastardillas nuestras.)

Esta disposición legal exige el cumplimiento de dos requisitos para el caso en que la Junta de Planificación resuelva establecer líneas de carreteras y calles nuevas, ampliadas o ensanchadas, a saber: 1ro., debe hacer o solicitar que el Departamento del Interior haga ‘‘trazados para establecer *con exactitud*’’ dichas líneas y 2do., *recomendar* al Consejo Ejecutivo, para su adopción, un plano o planos indicando la posición *exacta* de los trazados de ·futuras carreteras y calles.   Y establece, además, que aun cuando el Consejo Ejecutivo apruebe cualquier mapa del trazado de carreteras y calles, ese hecho no determinará de por sí la construcción de ninguna carretera o calle, ni la expropia-

---

(²)El artículo 19, según enmendado por la Ley núm. 155, supra, dispone que:

‘‘Aprobación del Consejo Ejecutivo.—El Consejo Ejecutivo de Puerto Rico considerará y adoptará por mayoría de votos, con aquellas modificaciones que considere convenientes, *los planos y mapas* que la Junta está autorizada a recomendarle de acuerdo con el artículo 11 y podrá además revocar, en apelación, las decisiones de la Junta sobre mejoras públicas y carreteras, según se autoriza en el artículo 22; Disponiéndose, que el Consejo dará aviso a la Junta con veinte (20) días de anticipación de cada cambio que haga en los mismos, y una oportunidad para presentar sus puntos de vista en el caso.   A menos que dentro de los cuarenta (40) días el Consejo Ejecutivo rinda su decisión en cuanto a la recomendación o apelación, se considerará que ha aprobado la recomendación de la Junta o que ha confirmado la decisión de la Junta, respectivamente.’’   (Bastardillas nuestras.)

ción(³) o aceptación de terrenos para tales fines. (Bastardillas nuestras.)

Es más, de acuerdo con el .artículo 23 de la misma ley, se dispone, en lo pertinente, que:

"Tampoco se expedirá ningún permiso de construcción, sanitario o de uso para ningún edificio o estructura, ni para ninguna parte de los mismos, en ningún terreno situado dentro de las líneas de una carretera o calle *que figure en un plan de líneas de carretera o calle, aprobado por Consejo Ejecutivo, según se dispone en el artículo 11 de esta Ley. . . ."* (Bastardillas nuestras.)

Tenemos, por lo tanto, que la Ley de Planificación, Urbanización y Zonificación de Puerto Rico no confirió poder a la Junta por sí sola para establecer el trazado para nuevas carreteras o calles y que de acuerdo con los hechos de este caso no ha pretendido hacer tal cosa. Solamente se ha limitado a informar que existe en el Plan Regulador que ha aprobado, de acuerdo con el artículo 8, supra, el proyecto de construir la Carretera Express, Ramal Sur, por la sección en que radica el solar del recurrente pero que no se ha levantado el plano que localiza en forma precisa la servidumbre de paso que será necesaria para dicha vía. Todo el procedimiento está aún en mero proyecto, impreciso, sin haberse cumplido con los demás requisitos exigidos por las disposiciones legales anteriormente expuestas. Dicha carretera podrá o no en el futuro afectar parte del solar del recurrente: 1ro., si la Junta o el Comisionado del Interior hacen el trazado exacto de la carretera en proyecto; 2do., si el Consejo Ejecutivo aprueba el plano indicando la posición exacta de dicha carretera. Y cuando llegue el momento en que se cumplan estos requisitos previos aún entonces deberán cumplirse los demás requisitos legales para expropiar el terreno del.recurrente necesario para establecer la servidumbre de paso correspondiente. Bajo estas circunstancias

---

(³)Aun cuando en la ley no se hubiera dicho esto, así sería, pues siempre habría que cumplirse con la Carta Orgánica y leyes locales sobre expropiación.

no puede sostenerse, en forma alguna, que dicho solar deba quedar gravado en el Registro de la Propiedad con una mención de servidumbre inexistente.

El artículo 475 del Código Civil (Ed. 1930) dispone que "Las servidumbres continuas no aparentes y las discontinuas, sean o no aparentes, sólo podrán adquirirse en virtud de título," e interpretándolo en el caso de *Nadal* v. *Muratti,* 34 D.P.R. 251, resolvimos que: "A partir del año 1890 en que empezó a regir el Código Civil, la servidumbre de paso sólo puede adquirirse a virtud de título." Al mismo efecto, véanse *Trujillo* v. *López,* 45 D.P.R. 815; *Colón* v. *Plazuela Sugar Co.,* 47 D.P.R. 871 y *Miner* v. *Irizarry,* 52 D.P.R. 206.

El informe aprobado por la Junta de Planificación no constituye título alguno de servidumbre de paso ni tiene el efecto de crear un derecho de servidumbre que pueda ser objeto de mención en el registro, ya que, según el artículo 476 del Código Civil "La falta de título constitutivo de las servidumbres que no pueden adquirirse por prescripción, *únicamente* se pueden suplir por la escritura de reconocimiento del dueño del predio sirviente, o por una sentencia firme." (Bastardillas nuestras.)

Aquí el recurrente no ha reconocido la servidumbre ni existe sentencia firme reconociéndola o expropiando parte del solar para fines de utilidad pública. Tampoco constituye dicho informe una de las "condiciones" a que se refiere el artículo 9 de la la Ley Hipotecaria al disponer que "Toda inscripción que se haga en el Registro expresará las circunstancias siguientes: 1.— . . . 2.—La naturaleza, extensión, *condiciones* y cargas de cualquier especie del derecho que se inscriba y su valor si constase del título," pues en el título del recurrente no se hace constar que se haya constituído ningún derecho de servidumbre sobre la finca y ya hemos resuelto que una mención "es una mera noticia que hace el

registrador de la *existencia de un derecho no inscrito.*" (Bastardillas nuestras.) *Miranda* v. *Registrador,* 45 D.P.R. 396–7.

*Debe revocarse la nota recurrida y ordenarse la inscripción del título del recurrente libre de cargas.*

