Rafael Pabón Salazar, demandante y apelante, *v.* Liborio Ayala, demandado y apelado.

Núm. 10238.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Diciembre 5, 1950.

*Enrique Báez García,* abogado del apelante; *José Sabater,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En este caso sobre sentencia declaratoria, la Corte de Distrito de Mayagüez, después de celebrado el juicio correspondiente, dictó sentencia declarando:

"Primero: Que el demandante no tiene derecho alguno de propiedad o posesorio sobre el camino en controversia ni sobre parte otra alguna de la finca del demandado descrita en la demanda;

"Segundo: Que el demandante no tiene derecho alguno de paso o servidumbre a favor suyo o de su finca descrita en la demanda, legal o contractual, sobre la referida finca del demandado o sobre o en relación con el camino en controversia;

"Tercero: Que el demandante y el anterior dueño de su finca han venido usando dicho camino por mera tolerancia del demandado, mediante un permiso revocable otorgado por éste;

pudiendo en cualquier momento dicho demandado revocar dicho permiso y prohibir que el demandante use o se valga del referido camino en forma alguna."

No conforme el demandante con esta sentencia apeló y como único señalamiento de error alega que la corte inferior erró al declarar sin lugar la demanda.

Aun cuando este señalamiento, por su forma genérica, no cumple con la Regla 11a de este Tribunal, al discutirlo, el apelante acepta como correcta la conclusión a que llegó la corte inferior en el sentido de que el demandante no tiene título para reclamar el establecimiento de una servidumbre sobre la finca del demandado y sostiene además que tampoco trata de establecer una servidumbre de paso por necesidad, bajo el artículo 500 del Código Civil, ni se trata de una acción para resolver la posesión o cuasi posesión o el derecho al uso o disfrute de una propiedad de uso público que haya sido consagrada o dedicada a camino, bajo el artículo 256 del Código Civil, empero sostiene que su contención es que habiendo el apelado prometido al apelante darle paso por su finca y que habiendo el apelante adquirido la suya confiando en dicha promesa, el apelado no puede ahora ir contra sus propios actos y privar al apelante del derecho de usar el camino que hay en la finca del apelado. En otras palabras, el apelante sostiene que la corte inferior erró al no aplicar a este caso la doctrina sobre *"promissory estoppel"*,[1] ya que el apelante compró la finca confiando en la promesa del apelado de que le permitiría utilizar el camino de la finca de éste para salir a la carretera.

No tenemos que resolver, como no lo hizo la corte inferior, si la doctrina de *"promissory estoppel"* debe prevalecer,

---

[1] El apelante cita la definición que se da en 19 Am.Jur. 657-8, sec. 53, de esta doctrina y la cual es la siguiente:

". . . De acuerdo con dicha doctrina, un estoppel puede surgir al hacerse una promesa, aun sin causa, si fué la intención que se confiara en la promesa y de hecho se confió en ella, y el rehusar cumplirla sería virtualmente sancionar la perpetuación de un fraude o resultaría en otra injusticia."

en alguna circunstancia, sobre las disposiciones de nuestro Código Civil en cuanto a la forma de constituir una servidumbre de paso, ya que como cuestión de hecho, la corte inferior no creyó la prueba del apelante al efecto de que él adquirió su finca debido a que el apelado le había prometido dejarlo pasar por la suya. A este efecto la corte inferior consideró probados los siguientes hechos:

"Cuando el demandante adquirió la finca primeramente descrita ya hacía años que el demandado había adquirido la que se describe en segundo término. Según es de verse de sus respectivas inscripciones las fincas del demandante y del demandado colindan entre sí estando separadas en parte por un viejo camino vecinal.

"Con anterioridad al año 1937 El Pueblo de Puerto Rico construyó parte de la carretera número 50 que une a la ciudad de San Germán con el poblado del Rosario de dicho término municipal quedando dicha carretera, cuando cruza el Río Duey, próximo a la finca del demandado, paralelamente y a una distancia de aproximadamente cincuenta metros de la colindancia Norte de la finca del demandante quedando entre dicha finca del demandante y la referida carretera una faja de terreno, parte de la finca del demandado.

"Para la época en que fué construída dicha carretera al barrio del Rosario el demandado hizo construir, para uso de su finca, un pequeño camino que en una distancia de aproximadamente 50 metros atravesaba su finca desde la citada carretera hasta un camino existente entre la finca del demandado y la finca del demandante que entonces era propiedad de Conrado Mercado. *Éste, con permiso del demandado*, usó dicho camino para entrar y salir a su finca y así lo estuvo usando hasta que vendió la finca al demandante en el año 1942. *Luego de comprada la finca de Mercado el demandante siguió usando el referido camino con el consentimiento del demandado.* Desde que el camino fué abierto en su finca por el demandado éste lo mantuvo cerrado al público en general mediante el uso de un portón en el extremo próximo a la carretera estando el resto del camino en su trayecto dentro de la finca del demandado sin setos o cercas de clase alguna que lo separase de las plantaciones de caña del demandado.

"·       ·       ·       ·       ·       ·       ·       ·

"La contención del demandante reducida a sus términos más simples es que, a virtud del permiso otorgado por el demandado, dicho demandante adquirió un derecho de paso sobre la finca del demandado a través del repetido camino. Lo que equivale a decir que la finca del demandado está sujeta a una servidumbre de paso a favor de la finca del demandante o a favor de éste. Esta contención del demandante es claramente insostenible." (Bastardillas nuestras.)

Resolvió la corte inferior que no existiendo título alguno a favor del apelante en cuanto a la servidumbre de paso, que por ser discontinua y aparente sólo puede adquirirse en virtud de título—artículo 475 del Código Civil—el mero permiso verbal concedido al anterior dueño y al apelante para que usase el camino, no era bastante para dejar establecida tal servidumbre y citó los casos de *Albarrán* v. *Paz et al.*, 18 D.P.R. 970; *Colón* v. *Plazuela Sugar Company*, 31 D.P.R. 314; *Trujillo* v. *López*, 45 D.P.R. 815; *Miner* v. *Irizarry*, 52 D.P.R. 206 y cf. *Figueroa* v. *Guerra*, 69 D.P.R. 607. Terminó la corte inferior diciendo:

"En el caso de autos la prueba deja de demostrar el consentimiento expreso del demandado para la constitución de una servidumbre de paso sobre su finca a favor del demandante o de persona o finca otra alguna. La propia prueba del demandante *tiende únicamente a demostrar que el demandado permitió que Conrado Mercado, anterior dueño de la finca del demandante y luego éste cuando compró usaran el camino en controversia.* Esto fué una mera tolerancia del demandado que ningún derecho de carácter permanente concedió al anterior dueño de la finca del demandante ni a éste. 'Los actos meramente tolerados . . . no afectan a la posesión'. Artículo 373, Código Civil, Edición de 1930." (Bastardillas nuestras.)

No habiéndose cometido el error alegado, *debe confirmarse la sentencia.*