# 98 DTA 207

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL II

ROBERTO CRUZ APONTE, CARMEN DELGADO FONSECA Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA; JUAN CAMACHO RUIZ, AGUSTINA MARTINEZ ARROYO Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA
Apelados

v.

FEDERICO ROLDAN LEBRON Y SU ESPOSA TERESA CARRASQUILLO
Apelantes

Núm. KLAN-98-00067

San Juan, Puerto Rico, a 17 de agosto de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión,
el Juez González Rivera y la Jueza Hernández Torres

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los apelados Roberto Cruz Aponte y su esposa Carmen Delgado Fonseca y Juan Camacho Ruiz y su esposa Agustina Martínez Arroyo y sus sociedades legales gananciales son dueños respectivos de dos parcelas ubicadas en el Barrio Quebradillas de Yabucoa, las cuales están dedicadas a fines agrícolas.

El señor Cruz Aponte y su esposa adquirieron su propiedad el 16 de abril de 1993, según consta en la escritura pública de don Saturnino Ramos Lasanta y doña Julia Agosto Espinosa. Ellos la habían adquirido el 26 de diciembre de 1972.

A su vez el señor Camacho Ruiz y esposa adquirieron mediante escritura su finca el 14 de diciembre de 1993 de don Rogelio Carrasquillo y Rosa María Roldán Lebrón, quienes la habían adquirido el 25 de julio de 1959.

Para tener acceso a sus propiedades los apelados han venido utilizando por años un camino asfaltado por el Municipio de Yabucoa el cual discurre por la finca propiedad del apelante Francisco Roldán Lebrón, ya que la topografía de los terrenos que colindan con el referido camino están formadas por barrancos sumamente escabrosos lo que dificulta establecer acceso por éstos.

Con el fin de obstaculizar el paso por el referido camino el apelante colocó un portón y un candado en el mismo. Como consecuencia de ello el 7 de mayo de 1997 los apelados presentaron una acción civil de interdicto ante el Tribunal de Instancia. Solicitaron que se determinara la existencia de la servidumbre de paso, que se les protegiera su derecho de dominio sobre sus propiedades y se ordenara al apelante Roldán Lebrón desistir de interferir en forma alguna con el libre uso y disfrute de sus propiedades.

Por su parte, el señor Roldán contestó la demanda. Aceptó que los demandantes han utilizado un camino que discurre por su finca, negó el resto de las alegaciones en su contra. Como parte de sus defensas afirmativas adujo que de existir una servidumbre la misma no está ubicada en el lugar indicado por los demandantes sino en otro lugar donde menos le perjudica. En su reconvención reclamó el pago por la utilización del camino y una cuantía en concepto de los daños que se le habían

causado.

Luego de varios trámites procesales el Tribunal de Primera Instancia llevó a cabo una inspección ocular el 13 de noviembre de 1997. Luego de lo cual las partes estipularon someter el caso por los documentos que obran en el expediente y por la inspección ocular realizada.

El 19 de diciembre de 1997 se dictó sentencia en la cual se declaró con lugar la demanda y en su consecuencia se reconoció que el camino vecinal que da acceso a los predios de los demandantes, el cual ha venido utilizándose por más de 20 años, es una servidumbre de paso por signo aparente. Expresó el tribunal en su sentencia que aunque no existe en este caso título alguno constitutivo de servidumbre, razones de justicia y la búsqueda de una sana convivencia social entre las partes, le obligaba a reconocer la existencia de la servidumbre de paso por signo aparente. Determinó como indemnización a pagarse al apelante la suma de $1.00 dólar.

Inconforme con el dictamen emitido el señor Roldán Lebrón acudió ante este Tribunal mediante el presente recurso de apelación. Alega la comisión de los siguientes errores:

*"Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al declarar con lugar la demanda aplicando a los hechos del presente caso la doctrina del signo aparente de servidumbre y de uso de camino por más de 20 años.*

*Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al establecer una servidumbre de paso sin tomar en consideración al hacerlo el punto menos perjudicial al predio sirviente y por donde fuera menor la distancia del predio dominante al camino público.*

*Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al establecer una servidumbre de paso sin establecer la anchura de la misma.*

*Erró el Tribunal de Primera Instancia, Sala Superior de Humacao, al establecer una servidumbre de paso otorgando una indemnización de $1.00 dólar a ser pagada al demandado."*

En síntesis, la parte apelante alega que la prueba vertida ante el foro de instancia no es capaz de sostener la conclusión al efecto de que el camino en controversia se convirtió en una servidumbre de paso por signo aparente. Le asiste la razón. Por entender que los señalamientos de error presentados se encuentran íntimamente relacionados discutiremos los mismos en conjunto. ■

## II

Las servidumbres no se presumen sino que hay que probar su constitución; y que el serio gravamen que constituye una servidumbre de paso sobre el predio sirviente no puede imponerse livianamente. *Ibáñez v. Tribunal Superior,* 102 D.P.R. 615 (1974). Estas pueden adquirirse por ley, título, prescripción o signo aparente. *Díaz v. Consejo de Titulares,* 132 D.P.R., ___ (1993), **93 J.T.S. 4,** resuelto el 14 de enero de 1993.

En el caso particular de la servidumbre de paso, la norma general, según establecida por el Art. 475 del Código Civil, es que la misma se adquiere en virtud de título, ya que por ser discontinuas, no es susceptible de adquirirse mediante prescripción. No obstante, la servidumbre que se constituye mediante signo aparente está exceptuada de este requisito. *Sociedad de Gananciales v. Sec. de Justicia,* 137 D.P.R. ___ (1994) **94 J.T.S. 124,** resuelto el 19 de septiembre de 1994; *Díaz v. Consejo de Titulares, supra.* También lo está la servidumbre que se adquiere desde el uso de tiempo inmemorial. *Figueroa v. Guerra,* 69 D.P.R. 607 (1949).

De otra parte, el Art. 477 del Código Civil lee como sigue:

*"La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas, se considerará, si se enajenare una como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el Título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura."*

Al respecto, el Tribunal Supremo de Puerto Rico, interpretando el Art. 477 del Código Civil ha identificado los cuatro requisitos que surgen de esta norma que son los siguientes:

*"1. La existencia de un signo aparente entre dos fincas.*

*2. Que el signo aparente de servidumbre lo haya constituido el dueño en ambas fincas.*

*3. Que una de las fincas sea enajenada.*

*4. Que no se haya hecho desaparecer el signo aparente de servidumbre antes del otorgamiento de la escritura de enajenación o que no se haya hecho una manifestación contraria a la subsistencia del mismo en el título de enajenación de cualquiera de las fincas". Díaz v. Consejo de Titulares, supra.*

No obstante, la norma jurisprudencial ha establecido que el signo ha de ser ostensible e indubitado, permanente, no variable ni accidental. *Díaz, supra.* Este requisito es necesario no sólo cuando el propietario original de dos fincas establece una servidumbre de paso sobre una de ellas, sino también cuando sobre una finca poseída por un sólo dueño éste ha constituido un signo aparente el cual al venderse parte de la finca se convierte en servidumbre, quedando así un predio dominante y un predio sirviente. Por ello, la situación de hechos que hace posible el nacimiento de la servidumbre la establece el dueño antes de la venta. *Ibáñez, supra.*

Lo anterior es una excepción a la norma general de que para que una servidumbre surta efecto contra un tercer poseedor es preciso que conste inscrito en el Registro de la Propiedad el título constitutivo de aquella. Lo que ocurre es que cuando los signos de la servidumbre son ostensibles o indubitados, su apariencia exterior le supone una publicidad equivalente a la de la inscripción, por lo tanto surten efecto contra el adquirente del inmueble, aunque no resulte del Registro la existencia de la servidumbre. La constitución de la servidumbre por signo aparente es también una excepción a los términos del Art. 475 del Código Civil, el cual establece que el signo aparente se considerará como título en las circunstancias allí expresadas. *Ibáñez, supra.*

Se ha sostenido que partiendo de la premisa de que el interés que satisface la servidumbre puede ser de cualquier clase: económico, de comodidad, estético, de necesidad, o de utilidad, si existe un signo aparente de la servidumbre de paso. El hecho de que una finca tenga acceso a vía pública no excluye la posibilidad de que ésta adquiera una servidumbre de paso por signo aparente.

La mera existencia de veredas, trillos, o caminos irregulares no pueden constituir un signo aparente; y que el mero permiso del propietario, o su tolerancia de paso, no son suficientes para establecer la servidumbre. *Díaz, supra; Ibáñez, supra; Goenaga v. O'neill de Millán,* 85 D.P.R. 170 (1962); *Martín v. Correa,* 76 D.P.R. 12 (1954); *Pabón v. Ayala,* 71 D.P.R. 938 (1950); *Figueroa v. Guerra, supra; Cabanillas v. Gelpí,* 65 D.P.R. 945 (1937).

Bajo el Art. 477 puede darse la situación en la que el signo aparente sea constituido por el propietario anterior al que enajena; en tal caso la conservación del signo revela la ratificación y voluntad de dar vida a la servidumbre. *Díaz, supra; Sociedad de Gananciales v. Municipio de Aguada,* 144 D.P.R. ___ (1997), **97 J.T.S. 133**, resuelto el 17 de noviembre de 1997.

El establecimiento del signo equivale a la conservación por el propietario que enajena aunque fuera puesto por otro propietario anterior. Por ello, el Art. 477 dispone como situación excluyente de la constitución de servidumbre que el signo se haga desaparecer. El hecho de conservarlo equivale a su establecimiento.

Así también, el propietario de una finca enclavada entre otras ajenas y sin salida a camino público, tiene derecho a exigir paso por las heredades vecinas, previa la correspondiente indemnización. Art. 500 del Código Civil, 31 L.P.R.A. 1731. Por otro lado, si adquirida una finca por venta, permuta o partición quedare enclavada entre otras del vendedor, permutante o copartícipe éstos están obligados a dar paso sin indemnización salvo pacto en contrario. Art. 503 del Código Civil, 31 L.P.R.A. 1734.

## III

El Tribunal recurrido concluyó en su sentencia que aunque no existía en este caso título alguno constitutivo de servidumbre, no tenía más opción que reconocer la existencia de una servidumbre de paso a favor de los demandantes. Esta es una determinación que tomó a base de *"justicia"* y en la búsqueda de lograr una sana convivencia social entre las partes. Cometió error al así determinar. El artículo 7 del Código Civil, 31 L.P.R.A. 7, permite tal conclusión cuando no haya ley aplicable al caso. El Tribunal podrá resolver conforme a equidad, que quiere decir que se puede tomar en cuenta la razón natural de acuerdo con los principios generales del derecho, los usos y las costumbres aceptadas y establecidas. Existiendo abundante legislación para regir la materia relacionada a las servidumbres reales incidió el foro recurrido al invocar principios de equidad para apoyar su sentencia.

Toda vez que las partes estipularon someter el caso por las alegaciones y por la inspección ocular realizada han dejado huérfano el récord de prueba testifical o documental suficientes para permitir al foro recurrido hacer una aplicación del derecho y dictar sentencia conforme a ella. Habiéndose decidido el caso a base de documentos y siendo la controversia una de Derecho, estamos en iguales condiciones que el Tribunal de Instancia para apreciar la prueba *Asociación Auténtica de Empl. v. Municipio de Bayamón,* 111 D.P.R. 527 (1981); *Díaz de Diana v. AJAS Ins. Company,* 110 D.P.R. 471 (1980); *Ortiz v. Cruz Pabón,* 103 D.P.R. 939 (1975).

Un examen cuidadoso de los autos originales nos demuestra que de los documentos existentes en los mismos no surgen los cuatro requisitos del artículo 477 del Código Civil que deben estar presentes para que la servidumbre de paso por signo aparente nazca a la vida jurídica. Particularmente resalta el hecho de que el signo aparente tiene que haber sido establecido por el propietario de ambas fincas para que el mismo se considere a título de servidumbre. De los autos se desprende que los demandantes adquirieron sus propiedades, uno de los esposos Ramos Agosto y la otra pareja adquirió de los esposos Carrasquillo Roldán. De la misma manera de la evidencia obrante en autos no surge que los predios llamados sirviente y dominante pertenecieron en momento alguno al apelante Roldán Lebrón omitiendo establecer la relación que pueda existir entre éste con los predios en controversia y sobre la cual pudiera concluirse que éste estableció voluntariamente la servidumbre de paso por signo aparente y que se hubiere cumplido con todos los requisitos de ley. Ello excluye la posibilidad de aplicación del Art. 477.

Por otra parte, el foro recurrido concluyó que el camino, el cual fue pavimentado por el municipio, ha sido usado por los apelados constantemente por los últimos veinte años. Con ese hecho no puede concluirse que el uso de un camino se convierta por ello en una servidumbre continua. Precisamente ello lo convierte en una servidumbre discontinua, ya que una servidumbre es continua cuando su aprovechamiento es incesante en el sentido de que no se necesita la intervención de la actividad humana. Las servidumbres de paso por ser discontinuas no pueden adquirirse mediante prescripción. *Sociedad Legal de Gananciales v. Municipio de Aguada, supra; Martin v. Correa, supra; Pabón v. Ayala, supra; Figueroa v. Guerra, supra; Cabanillas v. Gelpí, supra; Stella v. Blasini,* 61 D.P.R. 372 (1943).

A tenor con el Art. 473 del Código Civil, 31 L.P.R.A. 1651, para que se pueda adquirir una servidumbre mediante la prescripción de 20 años la misma deberá ser de naturaleza continua y aparente. Unicamente por vía de excepción se ha reconocido la prescripción como uno de los medios de adquirir las servidumbres de paso, cuando se puede establecer que se ha estado utilizando el camino en controversia desde tiempo inmemorial con anterioridad al 31 de julio de 1889, fecha en que se hizo extensivo por Real Decreto la vigencia del Código Civil Español a Puerto Rico.

A la luz de lo antes expuesto concluimos que en este caso no existe en los autos suficiente evidencia para sustentar la aplicación de las doctrinas de servidumbre de paso por signo aparente y de prescripción adquisitiva de servidumbre.

El camino existente ha sido utilizado por los demandantes para obtener acceso a sus hogares. El cierre del mismo impide a éstos entrar a sus hogares. Así también impide la visita de familiares, amigos y vecinos tener acceso a las residencias de los demandantes. El acta de inspección ocular establece que la topografía de los terrenos que colindan con el referido camino están formadas por barrancos sumamente escabrosos, lo que dificulta establecer accesos por éstos. Ello nos demuestra que

le podría asistir la razón al apelante en el sentido de que las fincas de los demandantes son unas enclavadas, por lo que este caso podría regirse por las disposiciones de los Artículos 500 a 506, 31 L.P.R.A. 1731 a 1737 del Código Civil, relacionadas a servidumbres de paso.

Consideramos que los errores imputados fueron cometidos, lo que conlleva la revocación de la sentencia y la devolución inmediata de los autos originales al foro recurrido para la continuación de los procedimientos. En los cuales se deberá determinar si existen fincas enclavadas y de haberlas que se establezca una servidumbre de paso tomando en consideración el punto menos perjudicial para el predio sirviente; o buscar la posibilidad de otro paso por un lugar que no perjudique el predio del apelante. Se deberá establecer el ancho de dicha servidumbre y si procede conceder al apelante una indemnización.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 98 DTA 207

1. Mediante resoluciones de 10 de marzo de 1998 y 29 de mayo de 1998 concedimos término a la parte apelada para que presentara su alegato en este caso. Dicha parte incumplió con las órdenes emitidas por este Tribunal, por lo cual dimos por sometido el caso para nuestra adjudicación final sin contar con el beneficio de dicho escrito. No es hasta el 2 de julio de 1998, transcurrido en exceso del término concedido que presentó un escueto escrito en oposición.